8 W 371
32 SC 163

## Pritchard *against* Denton.

As a general rule, *it seems*, that, by a stipulation, embraced in a note, not to appeal from a payment therein, the maker waives his right to an appeal, as a matter of course, under the act of assembly.

ERROR to the common pleas of *Tioga* county.

S. B. Denton against A. Pritchard and Asahel Pritchard. This suit originated before a justice of the peace, upon the following note:

" On or before the 1st of May next, for value received, we promise to pay Isaac C. Whitehead, or bearer, ninety-five dollars, without defalcation, or stay of execution: hereby waiving our right to appeal in case judgment should be given against us on said note.

(Signed)                          " A. PRITCHARD.
                                   " ASAHEL PRITCHARD.

"*Laurenceville*, 20th *Sept.* 1836."

[Pritchard v. Denton.]

The justice rendered a judgment for the plaintiff, from which the defendants appealed. The court below (Herrick, president) was of opinion that the agreement and the appeal could not be reconciled, and struck off the appeal.

*Williston*, for plaintiff in error, complained that the defendants had been deprived of their constitutional right—a trial by jury.

*Parsons*, for defendant in error, argued that there was no right so sacred that a party may not waive it if he please, and cited 7 *Serg. & Rawle* 366; 2 *Whart. Dig.* 375.

The opinion of the Court was delivered by

SERGEANT, J.—The right to appeal from the judgment of a justice of the peace, on complying with certain terms, is a privilege given by law to the party against whom judgment is rendered; but according to the maxim, *quisquis renunciare potest juri pro se introducto*, it would seem he may, by express words, agree to waive the privilege, and be bound by the decision of the justice alone. This may have been one of the conditions on which the party stipulated to accept the note. It has been held that an agreement of this nature, if made in writing, and constituting part of the record, is binding. 7 *Serg. & Rawle.* Here the agreement is in writing, and appears on the note sued upon and in the record. It constitutes, therefore, *prima facie*, a bar to this appeal. At the same time it is very possible that a party might make out a special case, which should entitle him to an appeal, notwithstanding such a stipulation as the present one: in the same manner as where a judgment is entered by warrant of attorney, the court will, notwithstanding, open it, and let the party into a defence under certain special circumstances. If the contract were illegal, as for instance where it was given for a gambling or wagering debt, or as a consideration for the commission of a crime, or upon any other consideration, either *malum prohibitum*, or *malum in se*, no admission or waiver of the parties would avail to enforce an illegal transaction, by excluding the right of appeal. 1 *B. & P.* 261; 2 *East*, 34. Various other cases may be put where the appeal would not be taken away by such a clause in a note. These, however, are exceptions. As a general rule, it would seem that, by such stipulations the maker of the note gives up his right to an appeal as a matter of course, under the provisions of the acts of assembly.

Judgment affirmed.