## L. E. Gallagher v. Pauline I. MacLean and George MacLean, trading as the MacLean Company, Appellant.

*Constitutional law—Landlord and tenant—Statutes.*

The Act of February 5, 1875, P. L. 56, relating to the jurisdiction of magistrates in the city of Philadelphia, does not violate sections 6 and 7 of article 3 of the constitution, relating to legislation, or section 12 of article 5, relating to the judiciary.

Argued Jan. 6, 1899. Appeal, No. 215, Jan. T., 1898, by defendants, from judgment of Superior Court, Oct. T., 1897, No. 57, affirming judgment of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 10, dismissing exceptions to judgment of a magistrate. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from Superior Court.

It appears from the report of the case in 7 Pa. Superior Ct. 408, that on September 30, 1896, the plaintiff caused to be issued by magistrate Cunningham a summons under the act of March 21, 1772, returnable October 6, 1896, for the recovery of certain premises occupied by the defendants. On the return day defendants' counsel moved to quash the proceeding, on the ground that one magistrate had no jurisdiction to try the cause. The magistrate overruled the motion, whereupon the defendants and

their counsel withdrew. The magistrate then heard the case and gave judgment for the plaintiff, for possession and an award of $120 damages, with costs. A writ of certiorari was issued and exceptions filed, (1) that the magistrate had no jurisdiction, the act of 1772 requiring two justices; (2) that the summons was made returnable more than four days after its issue.

The court below overruled both exceptions and affirmed the judgment of the magistrate in an opinion by WILTBANK, J., as follows:

This was a proceeding by a landlord against his tenant for possession under the act of assembly of March 21, 1772, and the case was tried before one magistrate and a jury, under section 12 of the Act of Assembly of February 5, 1875, P. L. 56. Several questions were presented at the argument as incidental to the inquiry, but only one of them was treated as important, and to that mainly shall we turn our attention. We are asked to declare a clause of section 12 of the act of assembly of 1875 invalid as violative of three clauses of the constitution, the 6th and 7th sections of article 3 relating to legislation, and the 12th section of article 5 relating to the judiciary. The 6th section of article 3 we shall take up alone, and after we shall have considered the other two above referred to, and these two we shall now discuss together, as connected in significance in reaching our judgment.

The 7th section of article 3 of the constitution prescribes that "the general assembly shall not pass any local or special law . . . . regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before any courts, aldermen, justices of the peace . . . . or other tribunals . . . . regulating the fees or extending the powers and duties of aldermen, justices of the peace, magistrates and constables."

It is claimed that the act of 1875 violates several of these clauses of prescription, in its command that "where by law two aldermen are now required to hear and determine any matter brought before them, the same jurisdiction shall be exercised by one magistrate," and that the violation has been wrought by the change to one magistrate from two.

The powers of magistrates at the time of the adoption of the

constitution were created by that instrument by the 12th section of the 5th article, relating to the judiciary: "In Philadelphia there shall be established for each thirty thousand inhabitants, one court, not of record, of police and civil causes, with jurisdiction not exceeding one hundred dollars; such courts shall be held by magistrates, whose term of office shall be five years . . . . and who shall exercise such jurisdiction, civil and criminal, except as herein provided, as is now exercised by aldermen, subject to such changes, not involving an increase of civil jurisdiction, or conferring political duties, as may be made by law."

Courts thus directed to be established were established by the Act of Assembly of May 25, 1874, P. L. 224, and they became at once subject to legislative changes so far as these were within the power of the legislature, in view of the restrictions imposed upon that body by the three clauses cited, that is to say, so far as they did not increase the civil jurisdiction, or regulate the practice by statute of local application only, or extend the powers and duties of magistrates.

Can it be adjudged that a change making a reduction in the number of members of a magistrate's court is an increase of its civil jurisdiction? It is argued to us in behalf of the defendant against whom was given judgment in this case, that it can, and that the enlargement is worked in the power left in the remaining member who, standing alone, and because he is deprived of a colleague, must do what before was the function of two. This is, we think, to miss the accurate conception of a court and its jurisdiction. A court is an organization for the administration of justice, and its "jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them:" State of Rhode Island v. State of Massachusetts, 12 Peters, 718. Such franchise to hear and determine, to adjudicate and exercise judicial power, vested in a judicial organization is not affected by changes in the membership of that body; to contend otherwise would be to confuse the authority of an individual or of the individuals making up the judicial body with the scope of the powers of that body itself as a part of one of the co-ordinate departments of sovereignty. In a court of competent creation nothing more than two judges could do can

be done because one only acts. If the proposition urged for
the defendant be sound, it may be asked, Why then shall not
its converse be admitted ?—that an increase in the membership
of a court is a curtailment of its jurisdiction, the division of
duty narrowing the scope of the judgment. In truth, the mem-
bership of a tribunal is not an incident of jurisdiction of all, the
number of judges having no more relation to the reach of its
powers than the number of its clerks or minor officials ; all of
them are but ministers of a court, of differing degree of use-
fulness and dignity, of course, and only one class, the judges
being, without exception, essential to its vigor; on the death
of one judge the jurisdiction is not affected pro tanto because
of a vacancy, nor on the absence of one ; nor is the jurisdiction
increased in those who remain; nor would the death of all de-
stroy the court; its operation would be suspended until its
machinery was duly again made complete. The jurisdiction
would not have to be recreated with the appointment of each
new judicial officer or of the entire body of judges, but would
remain as already established, only awaiting the qualification
of the persons through whom the court speaks. It was clearly
the view of the legislature in enacting the statute of 1875, that
the jurisdiction remained unaffected, as the citation from the
act shows ; where two aldermen are now required to hear and
determine any matter, " the same jurisdiction shall be exercised
by one magistrate." We have given attention to the argument
and the briefs on this question, but we think that the point is
not open to doubt.

But it is further urged that the clause of the act of 1875
violates the constitution in regulating, by a local law, the prac-
tice before a court, and that, also, it extends the powers and
duties of magistrates, contrary to the admitted spirit of that
instrument favoring a uniform system of judicature and judi-
cial action throughout the state. That the act of assembly is
what is known to us as a local law may not be disputed, but if
this were all that was said in this connection, the answer to
the objection would be clear that the constitution created the
local magistracy, and contemplated legislative power, first to
establish and then to change it in expressly stating the limi-
tations of the exercise of that power. Nor do we see that the
practice of a court is affected by legislation merely prescribing

the number of its members; that the powers of a magistrate are not extended and his duties broadened by the absence of a colleague would seem to follow from what we have already said.   That the defendant in this case has been deprived of the "substantial right to have two magistrates," as is urged in its behalf, is possible; but if such a right ever existed for it, and if the act of assembly takes it away, the consideration has no weight against legislation, which is constitutional.

It remains to consider the application of the 6th section of article 3 of the constitution, made by the defendant.   That section provides in substance that no law shall be amended by reference to its title only, but so much as is amended shall be re-enacted and published at length, and it is here contended that the act of 1875, in the particular that it changed the members of the court from two magistrates to one, was in amendment of the act of March 21, 1772, and that therefore the parts of the latter reached by the amendment should have been re-enacted and published.   We do not concur in this view.   This court said of this section of the 3d article of the constitution in Donohugh v. Roberts, 11 W. N. C. 186, that "the intention of the constitution is that when the provisions of a former law are to be incorporated with a subsequent statute, they or the law containing them shall be re-enacted and published at length." But the act of 1875 manifests no legislative contemplation of the act of 1772, or design to incorporate its provisions; it is an act in certain respects inconsistent with earlier legislation, and in certain particulars, therefore, earlier legislation must give way to it.   There is no mandate of the constitution that where legislation affects one way or another, legislation that has gone before, in every instance every statute thus in part or in whole affected must be referred to by title and be quoted at more or less length, as the case may require, in the latest enactment. There are the cases in which this must be done, of revivor, amendment, extension of provisions; but these are a few only of many cases of enactments modifying what has gone before, and the act of 1875 is of a larger number.

Exceptions dismissed and judgment affirmed.

The Superior Court affirmed the judgment of the lower court.

*Error assigned* was the judgment of the court.

*Henry Budd,* with him *Charles F. Ziegler,* for appellants.

*Elias P. Smithers,* for appellee.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1899:

This was a proceeding instituted for the removal of tenants at the expiration of the term of their lease. It was brought and prosecuted in the city of Philadelphia before a magistrate and a jury. It was contested on two grounds. The first and main contention in the court of common pleas and in the Superior Court was that the magistrate erred in entertaining jurisdiction of the case under the act of March 21, 1772, and the second was that the summons was made returnable more than four days after the issuance of it. On the removal of the case to the court of common pleas No. 2, the principal question discussed by counsel was fully considered in an opinion by WILT-BANK, J., who specifically answered the objections made to the Act of February 5, 1875, P. L. 56, as violative of three clauses of the constitution, to wit: the 6th and 7th sections of article 3, relating to legislation, and the 12th section of article 5, relating to the judiciary. The result of the hearing had in the common pleas was an affirmance of the judgment entered by the magistrate. This was followed by an appeal to the Superior Court with a like result and by an appeal from the Superior Court to the Supreme Court. There was no discrepancy or disagreement in the conclusion arrived at by the courts below respecting the constitutionality of the act of February 5, 1875, nor material difference in the reasoning on which the conclusion was based.

By the act of March 11, 1789, aldermen were substituted in the city of Philadelphia, for justices of the peace. It is declared in article 5, section 12, of the constitution that "in Philadelphia there shall be established for each 30,000 inhabitants, one court, not of record, of police and civil causes, with jurisdiction not exceeding $100; such courts shall be held by magistrates whose term of office shall be five years, . . . ." and who "shall exercise such jurisdiction, civil and criminal except as herein provided, as is now exercised by aldermen, subject to

such changes, not involving an increase of civil jurisdiction, or conferring political duties, as may be made by law." It is also declared is said article and section that "in Philadelphia the office of alderman is abolished." The act of May 25, 1874, established the courts called for by section 12, article 3, of the constitution, and directed, inter alia, that each court should be held by two magistrates. A change in this respect was made in section 12 of the act of February 5, 1875, which section is as follows : "The jurisdiction of each of said magistrates shall extend throughout the city and county of Philadelphia, and they shall be by virtue of their office ex officio justices of the peace; they shall have all the powers and shall exercise the same jurisdiction, civil and criminal, (except as herein otherwise provided) as is now by law exercised by aldermen of said city, and shall be liable to the same limitations and restrictions, pains and penalties, that are now imposed upon aldermen by the laws of this commonwealth. Where by law two aldermen are now required to hear and determine any matter brought before them, the same jurisdiction shall be exercised by one magistrate."

The principal, if not the only, ground of the appellant's attack upon the act of 1875 is found in the last clause of section 12. The ground on which the attack was based was, as we have already seen, carefully considered and passed upon by the courts to which we have referred in another part of this opinion. It is not necessary to quote herein the whole or part of the opinions filed in said courts. It is sufficient to say of the opinions that they clearly expressed the views of the courts in which they were filed, and held that the act of 1875 was not in conflict with the constitution.

It has not been satisfactorily shown wherein the act of 1875 is violative of any provision of the constitution relating to the establishment of magistrate's courts in Philadelphia. It cannot be justly charged that the act involves an increase of civil jurisdiction or confers political duties. It must therefore be regarded as legislation within the scope of, and in conformity with, section 12 of article 5. That the magistrate's court is limited to a jurisdiction not exceeding $100 furnishes no bar to a participation of the magistrate in a proceeding under the act of March 21, 1772. It is not the justice of the peace or the

magistrate who ascertains the damages recoverable in the proceeding under said act; it is the freeholders who constitute the jury on whom this duty rests and by whom it is exclusively discharged.

We cannot add anything to what was said by the judges of the courts below in their opinions respecting the clause in section 12 of the act of 1875, which requires one magistrate to exercise the same jurisdiction as was previously exercised by two aldermen. We cannot discover in this requirement any violation of the constitution, nor can we assent to the claim that section 6 of article 3 is violated as contended by the plaintiff. A sufficient answer to this contention is found in the opinion of Judge WILTBANK.

The second assignment of error is sufficiently answered in the opinion of Judge REEDER, which will be found in 7 Pa. Superior Ct. 411.

The specifications of error are overruled and the judgment is affirmed.