## Rovno *v.* Lorentz, Appellant.

*Landlord and tenant—Waiver of appeal—Striking off appeal—Eviction—Discretion.*

A waiver of a right of appeal in a lease may be claimed by the lessor,
although the lessee sets up the defense of eviction.    In such a case the
justice has jurisdiction to determine the question whether there was in
fact an eviction, and the agreement is in effect that the lessee will be
bound by his decision.

If there are any special facts which will preclude the lessor from
claiming the waiver, the lessee may show them in response to a rule to
show cause why the appeal shall not be struck off.    If he fails to do so
the rule will be made absolute.

A subsequent application to reinstate the rule to strike off upon the
ground of after-discovered evidence, is addressed to the sound discretion
of the court below.

Argued Oct. 9, 1906.    Appeal, No. 32, Oct. T., 1906, by
defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1905,
No. 506, making absolute rule to strike off appeal in case of
Philip Rovno v. Morris A. Lorentz.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Rule to strike off appeal from judgment of magistrate.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*James M. Dohan,* with him *Milton M. Cohen,* for appellant, cited: Vaughan v. Blanchard, 4 Dall. 124; Reaney v. Fannessy, 14 W. N. C. 91; Eldridge v. Francis, 2 Lanc. L. R. 212; Minich v. Basom, 2 Pa. Dist. Rep. 709.

*Joseph Gross,* for appellee, cited: Pritchard v. Denton, 8 Watts, 371; Strojny v. Merofchinski, 9 Kulp, 444; Cawley v. Bohan, 120 Pa. 295; Lippincott v. Cooper, 19 W. N. C. 130; Kauffman v. Lauer, 11 Pa. Dist. Rep. 664; Balhoun v. Logan, 22 Pa. 46; Brown v. School Directors, 18 Pa. 78.

PER CURIAM, November 19, 1906:

This case came into the common pleas by appeal on the part of the defendant from the judgment of a magistrate. But it appeared in the transcript of the magistrate that the action was brought for rent alleged to be due under a lease which contained this clause, " The lessee waives all right of appeal from, or writ of error, or certiorari to any judgment, order or decree that may be entered against      by any court or magistrate, for rent, damages, possession or otherwise." The validity of such agreements cannot be questioned: Pritchard v. Denton, 8 Watts, 371; Foss v. Bogan, 92 Pa. 296; Cawley v. Bohan, 120 Pa. 295. See also Seagrave v. Lacy, 28 Pa. Superior Ct. 586. But it is contended that as the transcript shows that the defendant set up the defense of eviction the right to claim the waiver was barred. We cannot give assent to this proposition. The justice had jurisdiction to determine the question whether there was in fact an eviction, and the agreement was, in effect, that the lessee would be bound by his decision. If there were any special facts which would preclude the plaintiff from claiming the waiver, the defendant had opportunity to show them in response to the rule to show cause why the appeal should not be struck off. See Pritchard v. Denton, 8 Watts, 371. But he neglected to avail himself of this opportunity; therefore, as it appeared by the transscript that the right of appeal was waived, the court was right in making absolute the rule. The subsequent application to vacate this order, and reinstate the rule upon the ground of after-discovered evidence was addressed to the sound discretion of the court below. No depositions were filed in

support of it, and nothing appears in the record brought up to us to show that the court improperly exercised its discretion in refusing it.

The assignments of error are overruled, and the order making absolute the rule to strike off the appeal is affirmed, the costs to be paid by the appellant.