# Schneider, Appellant, *v.* Bates.

*Landlord and tenant—Lease—Waiver of appeal—Judgments—Striking off judgment.*

Where a justice's judgment is founded upon a lease containing an express waiver of appeal the common pleas will, in general, give effect to such waiver by striking off an appeal, if application be made within a reasonable time, and before the appellee has taken steps to bring the case to trial or decision upon its merits. But where the application to strike off is based upon that ground, it must fail, unless the fact that the judgment was founded upon a lease containing such waiver appears in the justice's record.

*Landlord and tenant—Holding over—Presumption.*

The presumption of holding over which might arise from the unexplained fact of the nonremoval of the tenant's goods, may be rebutted by facts which are inconsistent with the presumption.

Where a tenant notifies his landlord that he will surrender possession of the premises at the end of the term mentioned in the lease, and the landlord agrees that the tenant shall have the right of ingress and egress for an additional day for the purpose of removing his goods, and for that purpose only, and that this shall not be treated as a holding over, the landlord cannot thereafter treat the tenant's occupancy of the premises for an additional day for the purpose of removing his goods as such a holding over as will render the tenant liable for rent after the term mentioned in the lease.

Argued Oct. 15, 1908. Appeal, No. 248, Oct. T., 1907, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1907, No. 2,299, discharging rule for judgment for want of a sufficient affidavit of defense in case of Arthur F. Schneider v. William H. Bates and Mary M. Dulin. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) in discharging rule to strike off

appeal, and (2) in discharging rule for judgment for want of a sufficient affidavit of defense.

*Benjamin Alexander*, for appellant.—Notice of an intention to terminate a lease at its expiration is of no effect unless such notice be followed by the vacation of the premises by lessee and delivery of possession to the lessor at or before the expiration of the term of lease: Bakewell v. Turner, 36 Pa. Superior Ct. 283; McBrier v. Marshall et al., 126 Pa. 390; Dauphin County v. Bridenhart, 16 Pa. 458; White v. Campion, 1 W. N. C. 130; Walstrom v. Hopkins, 103 Pa. 118; Smith v. Clark, 1 W. N. C. 445.

The court below erred in discharging the plaintiff's rule to strike off defendant's appeal: Rovno v. Lorentz, 32 Pa. Superior Ct. 162.

*Wm. H. Bates*, p. p., filed no printed brief.

OPINION BY RICE, P. J., November 9, 1908:

Where a justice's judgment is founded upon a lease containing an express waiver of appeal the common pleas will, in general, give effect to such waiver by striking off an appeal, if application be made within a reasonable time, and before the appellee has taken steps to bring the case to trial or decision upon its merits: Rovno v. Lorentz, 32 Pa. Superior Ct. 162. But where the application to strike off is based upon that ground it must fail, unless the fact that the judgment was founded upon a lease containing such waiver appears in the justice's record: Foss v. Bogan, 92 Pa. 296; Dawson v. Condy, 7 S. & R. 366.

This case came into the court below by appeal by the defendants from the judgment of a magistrate in an action to recover "$50 for one month's rent of premises 154 N. 11th St., due April 10, 1907, in advance." This is an exact and a complete statement of the plaintiff's demand as shown by the transcript of the magistrate. But it further appears thereby that the following occurred on the trial of the case: "Arthur F. Schneider, plaintiff, sworn for plaintiff, offers in evidence

lease under hand and seal dated December 10, 1905. Con-
taining clause waiving right of exemption laws and right of
appeal and the same is admitted." It will be observed that
neither the term granted by the lease offered in evidence, nor
the parties by whom it was executed, nor, the premises leased,
are stated. For aught that appears the lease may have been
offered and admitted in evidence for a legitimate purpose and
yet not be the basis of the action. In short, it is not expressly
set forth in the magistrate's record, and there is no certain
inference from what is set forth, that the plaintiff's demand
was for rent which accrued under a lease containing a waiver
of the right of appeal. It follows that the court did not com-
mit error in discharging the plaintiff's rule to strike off the ap-
peal.

Having failed in the foregoing application, the plaintiff
filed a statement of claim, to which the defendants filed affi-
davits of defense. The question raised by the second assign-
ment of error is as to the sufficiency of the latter.

From the averments of the affidavit of defense and the un-
denied averments of the statement of claim, we gather the
following facts: The term of the lease sued upon was sixteen
months from December 10, 1905; therefore it expired at mid-
night April 9, 1907. Thirty days before the expiration of the
term, in accordance with the provisions of the lease, Bates,
who had bought the interest of his co-lessee, and been recog-
nized by the plaintiff as the sole tenant of the property, notified
the plaintiff that he would surrender possession of and vacate
the premises at the end of the term mentioned, and this was
assented to by the plaintiff. At the same time, Bates requested
the plaintiff to give him an additional day within which to
remove his goods. This request was granted by the plaintiff,
and it was the full understanding of both parties that the
granting and exercise of this privilege should not extend the
tenancy beyond the term. This is the fair interpretation of
the averment of the affidavit of defense. The defendant,
thereupon, obtained a purchaser for his goods, who removed
all of them on the day following the expiration of the lease;
but neither he nor the defendant retained possession, occu-

pancy or dominion over the premises further than was required for the bare removal of the goods therefrom.   An occupancy for any given length of time is not necessary to constitute a holding over.   Nor is a presumption of a continuance of the tenancy upon the same terms, which ordinarily arises from the tenant remaining in possession after the expiration of the term, overcome by proof of the tenant's intention merely, nor is it rebutted by proof that he gave notice that he would not hold longer than the term created by the lease.   Notice to that effect is of no importance whatever, standing alone, against the act of holding over.   See Bakewell v. Turner, 36 Pa. Superior Ct. 283; McBrier v. Marshall, 126 Pa. 390.   But the presumption above referred to is not irrebuttal.   For example, if the failure to vacate is caused by the wrongful act of the landlord, the tenant will not be subjected to the consequences of a holding over.   Again, it has been held that leaving rubbish on the premises is not necessarily such a continued occupancy as continues the tenancy. "The merely leaving some rubbish on the premises, which the appellees allege is all that remained, and which they aver was removed afterwards at the appellant's request, or indeed the leaving of something more valuable, would not necessarily prove that the appellees were still retaining possession of the premises and keeping the appellants out.   The question after all is, were the appellants in any manner excluded?"   Cairns v. Llewellyn, 2 Pa. Superior Ct. 599.   In another case it was held that the nonremoval of one or two articles does not necessarily continue the tenancy, if the tenant has himself gone out: Thomas v. Frost, 29 Mich. 336.   Particularly is this so if the landlord is in no manner excluded.   Other illustrations might be given to show that the presumption of holding over, which might arise from the unexplained fact of the nonremoval of the tenant's goods, may be rebutted by facts which are inconsistent with the presumption.   See Campau v. Michell, 103 Mich. 617.   So here, if there was an agreement between the landlord and the tenant that the tenancy should end at the expiration of the term, that the tenant should have the right of ingress and egress for an additional day for the purpose of

removing his goods, and for that purpose only, and that this should not be treated as a holding over, and should not subject him to the liability which ordinarily ensues from a holding over, it is not clear that the mere fact that the purchaser of the goods did not remove them until April 10, would be conclusive of the question whether there was a holding over within the meaning of the law or of the clause of the lease upon which the appellant relies. In McBrier v. Marshall, 126 Pa. 390, the tenant remained in complete and exclusive possession of the premises after the expiration of the term. That there was a holding over was undisputed, while in the present case, we think, the averments of the affidavit of defense fairly put that fact in issue and entitle the defendants to a jury trial.

The appeal is dismissed at the costs of the appellant without prejudice to his right of trial by jury and a second appeal after final judgment.