<hr />

## Meyer *v.* Graham, Appellant.

*Landlord and tenant—Lease—Waiver of right of appeal—Rule to strike off—Rule taken as of course—Practice, C. P.*

Where a landlord recovers a judgment before a justice of the peace in a suit to recover the cost of certain repairs which he was compelled to make after the tenant had left the premises, and it appears that the lease contained a covenant for repairs and a waiver of a right of appeal, and these facts appear in the record, an appeal taken by the tenant will be stricken off on a rule taken as of course by the plaintiff without any petition or preliminary order.

Argued Oct. 13, 1914. Appeal, No. 40, Oct. T., 1914, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1913, No. 2,913, making absolute rule to strike off appeal in case of Morris Meyer v. Mary Graham. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to strike off appeal.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*M. J. O'Callaghan,* for appellant, cited: Minich v. Bason, 2 Pa. Dist. Rep. 709; Rowen v. King, 25 Pa. 409; O'Donnell v. Mullin, 27 Pa. 199.

*Louis Goodfriend,* for appellee, cited: Cawley v. Bohan, 120 Pa. 295; Foss v. Bogan, 92 Pa. 296; Pritchard v. Denton, 8 Watts, 371; Schneider v. Bates, 37 Pa. Superior Ct. 432; Seagrave v. Lacey, 28 Pa. Superior Ct. 586.

OPINION BY HEAD, J., December 7, 1914:

The defendant was the tenant of the plaintiff under a written lease. There is no dispute as to its terms. In that lease she covenanted, inter alia, that "at the termination of this lease she would deliver up the said premises to the lessor in as good order and repair as the same now are, reasonable wear and tear and damage by accidental fire excepted." Still further "no determination of this lease, nor recovery of possession or damages (for detention) as aforesaid, shall release the lessee from liability for the breach of any covenants herein contained. . . . The lessee waives all right of appeal from or writ of error or certiorari to any judgment, order or decree that may be entered against her by any court or magistrate for rent, damages, possession or otherwise."

The plaintiff, lessor, brought suit before a magistrate to recover the cost of certain repairs which he was compelled to make after the tenant left the premises; which repairs, as he alleges, were rendered necessary by reason of a breach of the tenant's covenant to restore the property in as good condition as she found it, ordinary wear and tear excepted. If there was, in fact, a breach of that covenant, the resultant damages could be recovered in an ordinary action of assumpsit begun before a magistrate. Clearly enough then the magistrate had jurisdiction of the cause of action.

A judgment for the plaintiff having followed the hearing, the defendant took an appeal to the common pleas. The transcript of the magistrate filed with the appeal shows that the judgment was entered upon a lease wherein the lessee had expressly waived the right to appeal from such judgment. The plaintiff thereupon entered, as of course, a rule to strike off the appeal and that rule was made absolute. The propriety of the court's action in such cases is abundantly sustained by the authorities. A single quotation from Schneider v. Bates, 37 Pa. Superior Ct. 432, will suffice: "Where a justice's judgment is founded upon a lease containing an express waiver of appeal the common pleas will, in general, give effect to such waiver by striking off an appeal, if application be made within a reasonable time, and before the appellee has taken steps to bring the case to trial or decision upon its merits: Rovno v. Lorentz, 32 Pa. Superior Ct. 162."

Nor can complaint justly be made that the rule was taken as of course without any petition or preliminary order. Rule 83 of the rules of the common pleas court of Philadelphia county provides: "If the relief sought depends entirely upon matter of record, a motion or rule may be entered as of course." The same practice has the authority of Mitchell on Motion and Rules, page 18.

We are unable to discover in the record any reversible error. Judgment affirmed.