## Orliner *v.* Borowski, Appellant.

*Justice of the peace—Appeals—Transcript—Judgment for rent —Waiver of appeal.*

An appeal from a judgment of a justice of the peace for rent will not be stricken off by the Common Pleas on parol evidence that the lease between the parties contained a waiver of the right to appeal, where it does not appear from the transcript of the justice that the judgment was founded on a lease containing any such waiver.

Argued Nov. 9, 1916. Appeal, No. 234, Oct. T., 1916, by defendant, from order of C. P. No. 4, Philadelphia Co., March T., 1916, No. 3275, making absolute rule to show cause why the appeal filed should not be stricken off in case of Philip Orliner v. Raymond Borowski. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule to strike off appeal.

*Error assigned* was order making absolute rule to strike off appeal.

*C. Alfred Nelson* and *Jay R. Grier,* for appellant.

*W. S. Furst,* for appellee.

OPINION BY HENDERSON, J., March 16, 1917:

The plaintiff brought an action before a magistrate in the City of Philadelphia to recover the sum of twenty dollars alleged to be due on a lease of premises at 105 Roxborough street. Judgment was entered in favor of the plaintiff, whereupon the defendant took a transcript of appeal which was regularly filed in the Court of Common Pleas. The cause of action recited in the transcript is as follows: "Plaintiff claims $20.00 for one month's

rent of premises 105 Roxborough street, due March 1, 1916, in advance under a lease." Then follows a recital of the plaintiff's proof: "Plaintiff offers in evidence lease under hand and seal dated February 23, 1915, containing clause waiving right of exemption and the same is admitted." After the appeal was entered in the Court of Common Pleas the plaintiff presented a petition praying the court to strike off the appeal for the following reason: "That the said lease upon which the above suit was brought, and which was signed by the defendant herein, provided, inter alia, that the lessee waives all right of appeal from or writ of error or certiorari to any judgment order or decree that may be entered against him by any court or magistrate, for rent." A rule to show cause having been entered on this petition the appeal was stricken off by the court. It appears therefore that the action of the court was based not on the record from the magistrate's office but was taken for the reasons set forth in the petition to strike off. In thus disposing of the case the learned court overlooked the fact that the transcript was regular on its face and exhibited no grounds for such summary action. It nowhere appears on the magistrate's record that there was a waiver of the right of appeal and the transcript could not be supplemented by the plaintiff's affidavit to deprive the defendant of his appeal. The right of appeal is given by an act of assembly and unless a waiver appears by agreement the party can not be deprived of it. An inspection of the record is the method by which it is to be determined in the Court of Common Pleas whether a right of appeal exists. Where the justice's transcript shows the cause of action it can not be supplemented or changed by parol evidence for the purpose of depriving the party of a trial by jury. The court erred therefore in making the plaintiff's rule absolute when it did not appear from the magistrate's transcript that the judgment was founded on a lease containing a waiver of the right of appeal: Delaware & Hudson Canal Co. v. Loftus, 71 Pa.

418; Foss v. Bogan, 92 Pa. 296; Schneider v. Bates, 37 Pa. Superior Ct. 432.

The judgment striking off the appeal is reversed and the case reinstated and to be proceeded in according to law.