### Mandel *v.* Freeland, Appellant.

Argued December 14, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Barnet Lieberman,* and with him *Herman D. Levinson,* for appellant.

*Oscar Rosenbaum,* for appellee.

Opinion by Keller, J., January 25, 1929:

Defendant appealed to the municipal court from the judgment of a magistrate in an action of assumpsit for rent. Plaintiff obtained a rule to strike off the appeal, on the ground that the lease between the parties contained a waiver of exemption and appeal. Defendant in his answer denied leasing the premises in question; denied that any written lease had been executed by the parties, or that he had ever entered into possession of the premises. The court below made the rule absolute on petition and answer, without depositions.

No copy of the alleged written lease was set forth in the magistrate's transcript. None was attached to the plaintiff's petition to strike off the appeal. We have nothing but the statement in the transcript, repeated in the petition, "Lease offered in evidence containing a waiver of exemption and appeal." Without seeing the lease, or a copy of it, it is impossible for us, or the court below, to say how far the waiver of appeal goes. It may be limited to an appeal from a judgment by confession in the court of common pleas, or in an amicable action of ejectment. But, in any event, a waiver of appeal in an alleged lease can have no force as respects a defense which denies that the lease was ever entered into. If no lease was made between the parties the alleged waiver of appeal never became effective.

The Act of March 5, 1925, P. L. 23, has no application here. The order striking off the appeal is a final order, from which an appeal lies. The appeal is not concerned with a question of jurisdiction over the defendant or of the cause of action, within the meaning of that Act. The defendant did not attack the service of the summons, and the municipal court unquestionably has jurisdiction of appeals from

magistrates' courts in civil cases: Act of April 27, 1923, P. L. 107. Nor is the municipal court the court of "first instance" with respect to this suit: Bernhardt v. Bass, 91 Pa. Superior Ct. 123, 126. We quashed the appeal in Perlman v. Finance & Guaranty Co., 242 October T., 1925—(no opinion filed)—, cited by appellee, because the order of the municipal court allowing an appeal nunc pro tunc was interlocutory and not a final order: Yost v. Davison, 5 Pa. Superior Ct. 469.

Order reversed, with a procedendo.