## Hibberd B. Worrell & Co., etc., v. Pennsylvania Petroleum Transportation, etc.

*M. J. O'Donnell,* for plaintiff.

*Cohen & Cohen,* for defendant.

JONES, J., September 7, 1946.—The matter at issue arises upon a rule to show cause why an appeal from a judgment of a magistrate's court should not be stricken off.

The rule was allowed by the motion judge June 10, 1946 upon the presentation of a petition by counsel for the plaintiff averring that proceedings had been instituted before a magistrate to recover possession of

premises at the expiration of the term for which, it is averred, they had been demised by the plaintiff to the defendant under and by the terms of a written lease containing a waiver of the right of appeal on the part of the defendant-lessee from the judgment of the magistrate, that the original term for which they had been demised was one year which began March 1, 1945 and expired February 28, 1946 and that thereafter the term was for one month and so on for month to month under the continuing terms of the lease, possession of the premises to be delivered upon notice to vacate being given thirty days before the expiration of the term.

Judgment having been entered for the plaintiff by the magistrate after hearing had, the defendant thereupon took an appeal to the Municipal Court. After appeal taken the recited petition was presented upon which the rule was allowed.

The legal basis for the rule to strike off the appeal alleged by the plaintiff was the alleged waiver of the right of appeal by the defendant under the terms of the lease.

To the petition of the plaintiff the defendant filed an answer wherein, inter alia, he denied that he was in possession under the alleged lease, averring that the alleged lease had expired and that thereafter he was in possession of the premises under an oral lease at an increased rental.

Thereafter upon petition by the plaintiff for an order to take depositions under Municipal Court Rule 72 by reason of the fact issue raised by the petition and answer thereto, the motion judge made such order and depositions were taken thereunder in behalf of the plaintiff and the defendant.

Such was the state of the record when argument upon the rule was had before the writer of this opinion.

A rule to strike off an appeal from the judgment of a magistrate's court is a rule for a summary judgment, the legal basis for which must appear in the transcript of the docket entries of the magistrate's court filed in the appellate court.

An examination of the transcript discloses that a summons was issued upon complaint of the plaintiff May 3, 1946, returnable May 10, 1946 and that a return of service was made. The docket entries for May 3, 1946 as they appear in the transcript read as follows:

"5/3/46 LANDLORD & TENANT SUMMONS issued upon sworn complaint filed with this Court on May 3rd, A.D. 1946.

"Notice to vacate having been given on March 5th, A.D. 1946 to vacate premises at expiration of thirty days.

"SUMMONS returnable May 10th, A.D. 1946 between the hours of 10:00 A.M. and 11:00 A.M."

The docket entries as they appear in the transcript for May 10, 1946 read as follows:

"5/10/46 SAMUEL SIMONS, Dep. Constable— 28th Ward testifies serving a true and attested copy of summons on May 3rd, A.D. 1946 at 12:00 o'clock Noon, by handing same to a man who identified himself as Roy Newman, at defendant's place of business.

"PLAINTIFF present. Testified.

"DEFENDANT not present.

"PLAINTIFF requests possession of premises in accordance with terms of lease, produced at hearing, together with costs.

"AFTER hearing proofs and allegations, judgment for possession allowed Plaintiff, together with costs."

Such was the transcript of the record of the magistrate's court from whose judgment the appeal was taken and upon which the petition for the said rule

to show cause and the order of court allowing the rule were based.

The proceedings before the magistrate having been instituted to recover the possession of the premises under the terms of a written lease at the expiration of a term, the jurisdiction of the magistrate to hear such cause and enter judgment therein is conferred by the Act of December 14, 1863, P. L. (1864) 1125, and its supplements including the Act of March 31, 1905, P. L. 87. The Act of 1863 prescribes the jurisdictional requirements for the entry of a valid judgment in such proceeding. It requires proof that the tenant had notice of the time and place of the hearing before the magistrate, that the plaintiff-lessor "was quietly and peaceably possessed of the lands, or tenements, so required to be surrendered up," "that he demised the same to the tenant in possession, or to some other person, under whom such tenant claims," "that the term, for which the same were demised, is fully ended," "that three months' previous notice" (thirty days if the supplemental Act of 1905 be applicable) "had been given of his desire to repossess the same, then and in that case, if it shall appear right and proper to the said justice, he shall enter judgment against the said tenant, that he forthwith give up the possession of the said premies to the said lessor; and the said justice shall also give judgment in favor of the lessor, and against the lessee, or tenant, for such damages as, in his opinion, the said lessor may have sustained, and for all the costs of the proceeding; . . ."
The defendant in any such proceedings under the act can "at any time within ten days after the rendition of judgment, appeal to the court of common pleas," now in Philadelphia County to the Municipal Court.

Where it appears in a transcript that a lease was produced at the hearing before the magistrate and

presumably offered in evidence, the terms of such lease must appear as fact-findings in the transcript of such docket entries. This is essential, for neither the terms of an alleged waiver of the right of appeal upon which the rule is based nor its scope can be determined without a consideration of the entire lease.[1] That the jurisdictional fact-findings must appear affirmatively in the transcript of the record upon appeal is the mandate of the cited statute and authoritative judicial decisions of the appellate court.[2]

The required jurisdictional fact-findings do not appear in the transcript in the instant case. It does not appear therein that the term for which the premises had been demised had ended; nor does it appear therein that lawful previous notice had been given to the tenant that the lessor desired to repossess the premises at the end of the term; nor does the fact appear therein that the judgment of the magistrate was founded upon a lease containing a waiver of appeal upon which the petition to strike off the appeal is based.[3]

Under the written lease alleged by the plaintiff in the petition to strike off the appeal the month-to-month term began upon the first day of each month and expired upon the last day of each month. A notice to vacate at the expiration of the term, therefore, was required to be given thirty days prior to the last day of the month. The transcript expressly declares that notice had been given "on March 5th, A.D. 1946 to vacate premises at expiration of thirty days", that is

---

[1] Mandel v. Freeland, 95 Pa. Super. Ct. 228.

[2] Schneider v. Bates, 37 Pa. Super. Co. 432, 433. Orliner v. Borowski, 66 Pa. Super. Ct. 206. Mikulski v. Ziolkowski, 73 Pa. Super. Ct. 72, 75. Anderson v. McHenry, 90 Pa. Super. Ct. 583, 586.

[3] Schneider v. Bates, 37 Pa. Super. Ct. 432, 433.

to say, upon April 4, 1946, an intermediate date, [4] not the end of the term, but during the period of the April term under the lease which is the alleged basis of the plaintiff's petition to strike off the appeal. The invalidity of the judgment entered by the magistrate is disclosed by the transcript.

The deficiencies of the transcript cannot be supplied in this court by a petition to strike off the appeal as is attempted to be done in the instant case. This court is without authority to strike off an appeal from the judgment of a magistrate's court and thereby affirm such judgment upon a petition so to do containing averments of fact supplying the deficiencies and correcting the errors of the magistrate's transcript filed in this court upon the appeal. Amendments to the transcript of a magistrate's court must be made by the magistrate himself. [5]

If more were needed to establish the lack of legal basis for the rule one need but read the petition for the rule and the answer made thereto by the defendant. In his answer the defendant denies possession under the lease averred by the plaintiff and avers the right of possession under another lease upon an increased rental. As respects such defense the waiver of appeal in the alleged lease can have no force. [6] This is conclusive of the invalidity of the granting of the rule to strike off the appeal for the fact issue thus raised necessitates a trial de novo in accordance with law in the Municipal Court wherein pleadings are required to be filed raising the issues of fact which can be de-

---

[4] Phoenixville Borough v. Walters, 147 Pa. 501, 507.

[5] Ristau et ux. v. Crew Levick Co., 109 Pa. Super. Ct. 357, 362, 363. Clinger v. Patterson et al., 140 Pa. Super. Ct. 443, 447.

[6] Mandel v. Freeland, 95 Pa. Superior Ct. 228.

termined only by a jury or by a court without a jury upon waiver of jury trial by the parties.

The decision of the Superior Court in Mandel v. Freeland, 95 Pa. Super. Ct. 228, is no authority in denial of the conclusion that a petition to strike off an appeal is founded upon and cannot transcend the transcript of the magistrate's court filed in this court upon appeal. As has been stated, if the transcript be incomplete or erroneous its amendment must be made by the magistrate. There is nothing in the language of the opinion upon which to found a conclusion that the Superior Court affirmed the authority of the court to which an appeal from the judgment of a magistrate is taken to amend the transcript of the magistrate's court filed therein upon appeal. The Superior Court did not declare it to be the law nor was it in issue in the case that a defect in the transcript of the magistrate could be corrected by attaching a copy of the lease containing the alleged waiver of appeal to the petition to strike off the appeal. The question at issue in the cited case was one which is presented by the petition and answer in the instant case. The defendant-tenant denied that he was in possession of the premises under the lease alleged by the plaintiff-lessor and upon this issue the court ruled expressly, stating its opinion in the following language (p. 229) : ". . . a waiver of appeal in an alleged lease can have no force as respects a defense which denies that the lease was ever entered into. If no lease was made between the parties the alleged waiver of appeal never became effective." So, too, where the alleged lease upon which the plaintiff-lessor has founded his petition to strike off the appeal is denied by the defendant-tenant to be the lease under which he holds possession, a waiver of appeal in the alleged lease "can have no force as respects a defense which denies that" the defendant was in possession under such alleged lease.

Coupled with the petition to strike off the appeal in the instant case was an order of court, granted as of course, authorizing the taking of testimony by depositions by reason of the fact issue raised by the petition to strike off the appeal and the defendant's answer thereto. The petition for the order or rule to take depositions is averred therein to have been filed under Rule 72 of the Municipal Court. There was no authority in the court to allow the taking of depositions to determine the issues arising out of the petition to strike off the appeal and the defendant's answer thereto.

Passing the question as to whether or not Rule 72 [7] of the Municipal Court has been superseded by Pa. R. C. P. No. 209, the writer is of the opinion that neither said Rule 72 nor Pa. R. C. P. No. 209 refers to issues which are not determinable by the court alone with or without depositions. Both rules of court are applicable solely to issues which the court alone has the power to determine. This is self-evident as the facts in the instant case exemplify. To determine the questions at issue upon the petition to strike off the appeal and the answer made by the defendant by a consideration of depositions would be for the court to arrogate to itself the determination of a fact issue in denial of the right of trial by jury which is the purpose for which the appeal is authorized by the cited Act of 1863. An examination of the depositions discloses nothing invalidating the conclusion that there was no authority in the court to allow the taking of depositions or to de-

---

[7] Rule 72, entitled "IN SUPPORT OF MOTIONS AND RULES.":

"72. The testimony of the witnesses to be used on the hearing of motions and rules shall be taken by depositions, commissions, or letters rogatory, and no witnesses shall be examined at bar except by order of court. Forty-eight hours' notice shall be given of the taking of such depositions, unless the court shall otherwise direct."

termine the issue upon consideration of the testimony of witnesses taken by depositions.

In view of the foregoing it is required that the rule to show cause why the appeal should not be stricken be dismissed. Accordingly the following order is made:

### Order

And now, to wit, September 7, 1946, the rule granted June 10, 1946 directed to the defendant to show cause why the appeal from Magistrate's Court No. 1 should not be stricken is dismissed.

