## Goldberg v. Husik et ux.

*David Justin Dean,* for petitioner.
*Blanc & Steinberg,* contra.

CRUMLISH, J., November 7, 1946.—This is before us on a petition and rule to show cause why an appeal from a magistrate's judgment in an eviction proceeding should not be quashed. To the petition, defendant filed an answer; subsequently plaintiff filed an amended petition, defendant an amended answer; plaintiff has also submitted depositions in support of the averments contained in his petition.

Defendant-appellant is the tenant in possession, and plaintiff-petitioner the owner, of the premises 455 West Roosevelt Boulevard, Philadelphia. On September 13, 1946, the magistrate rendered a judgment in favor of plaintiff and against defendants for possession of the premises. It is from this judgment that defendant appeals. The transcript of the proceedings below discloses that: (1) Plaintiff leased the premises to defendants on June 1, 1946, for one month at the monthly rental of $40; (2) notice to vacate the premises at the expiration of the term was given to defendants on March 27, 1946; (3) a lease was "presented in evidence waiving all rights of Appeal. Lease signed May 1, 1934". A copy of this 1934 lease was attached to plaintiff's amended petition. It is a lease for one year from May 1, 1934, and, unless written notice of intention to terminate is given by either

party 30 days prior to expiration of the term, the lease continues, with all its conditions and provisions, for the additional term of one month, and so on from month to month, until terminated by 30 days' written notice. This lease was signed April 27, 1934, and is between Paul L. Schumacher, agent, and defendants. It was assigned to plaintiff on June 1, 1946. It provides for a monthly rental of $33. There is a provision in the lease waiving "all right of appeal from . . . any judgment . . . that may be entered against them [defendants-lessees] by any court or magistrate, for rent, damages, possession or otherwise".

Plaintiff alleges the waiver clause in the 1934 lease as a bar to this appeal. But the action below was not brought on the 1934 lease, and the fact that it was presented in evidence does not mean, in the absence of other proof, that its provisions were incorporated in the 1946 lease, or that the 1946 lease had the same provisions. The two leases differ in all material respects; the one on which action was brought is dated June 1, 1946 (not April 27, 1934, or May 1, 1934), for one month (not for a year and then month to month), at a monthly rental of $40 (not $33), between plaintiff as lessor and defendants as lessees (not between Schumacher and defendants). And there is no evidence, either in the magistrate's record, the petition, or the depositions that the 1946 lease contained a waiver clause. Accordingly, we must dismiss the petition.

In passing, it might be well to mention that the same result would have been reached if the lease did contain a waiver clause. Such clauses have appeared in Pennsylvania litigation for over a hundred years: Pritchard v. Denton, 8 Watts 371 (1839). An individual may waive any right he desires: McCahan v. Reamey, 33 Pa. 535 (1859); Lippincott v. Cooper, 19 W. N. C. 130 (1886); and if the waiver is supported

by adequate consideration, it is binding: Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, 372 (1921). However, "it is very possible that a party might make out a special case, which should entitle him to an appeal, notwithstanding such a stipulation as the present one; . . . [for instance] If the contract were illegal, . . .": Pritchard v. Denton, supra, at 372; or enforcement of the waiver would work a fraud: Curry v. Bacharach Quality Shops, Inc., supra, at 372; or it is denied that the lease was ever entered into: Mandel v. Freeland, 95 Pa. Superior Ct. 228 (1929); or the court from which appeal is taken did not have jurisdiction over the subject matter: Bluestone v. DeRoy et al., 298 Pa. 267, 272 (1929).

In the case before us, there is neither illegality, fraud, nor a denial that the lease was entered into. However, defendants argued that there was no jurisdiction in the magistrate's court to hear the matter. The summary remedy given by the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, and its supplements is in derogation of the common law, and the necessary jurisdiction must appear affirmatively on the face of the record: Davis v. Davis, 115 Pa. 261, 264 (1887). The magistrate's record must show the existence of the facts upon which his jurisdiction depends: Mikulski v. Ziolkowski et ux., 73 Pa. Superior Ct. 72 (1919). One of these facts is the giving of notice. According to the record below a notice was given on March 27, 1946. This notice cannot affect a lease which subsequently came into existence, on June 1, 1946, and amounts to no notice at all. Therefore, the court had no jurisdiction, and a waiver clause, if there were one, would not bar an appeal.

Defendants had other arguments which were not accepted by the court, but are worth mentioning. They claim that complicated questions of law are involved in this case, and that therefore, the magistrate had no

jurisdiction. The magistrate is limited to plain cases: Bluestone v. DeRoy et al., supra, at 273; but we cannot discover any complicated questions of law involved here. Defendants raise the point that on March 27, 1946, when the notice was given, plaintiff was not the owner of the premises, the lease was not assigned to him, and he was merely a tentative purchaser under an agreement of sale, and had no authority to give notice. Although the wording of the notice does not appear in any of the papers before us, the depositions show that defendants knew plaintiff's status at the time, and had seen the agreement of sale. Under the circumstances plaintiff, as equitable owner of the freehold, could give good notice to the tenants of the seller. It is well settled that he might deal with the land precisely as though he owned the legal title, subject only to the paramount right of the vendor to force payment of the purchase price: Richter v. Selin, 8 S. & R. 425, 440 (1822); Hess v. Vinton Colliery Co., 255 Pa. 78, 83 (1916); Anania et al. v. Serenta, 275 Pa. 474, 478 (1923); Calhoun et al. v. Hays et al., 155 Pa. Superior Ct. 519, 525 (1944).

Defendants claim additional complicated questions of law concerning the failure of plaintiff to comply with certain O. P. A. regulations. On this point, however, we are bound by the decision of our Superior Court in Hangelias v. Dawson et al., 158 Pa. Superior Ct. 370 (1946). That case decided that the entry by confession of a judgment in ejectment is a step preliminary to eviction or removal of the tenant, and that the action to evict or remove does not commence until the writ of habere facias possessionem is issued. The same distinction must be made between the judgment of a magistrate, and execution thereunder by the constable. We are not concerned with the O. P. A. regulations until we start to evict or remove the tenant.

Although we disagree with defendants' argument as to lack of jurisdiction below because of complicated questions of law, we still must dismiss the petition because: (1) There is no proof of a waiver clause in the 1946 lease; (2) if there were a waiver clause, it would not be binding as the magistrate's record does not show that notice was given, and thereby fails to establish a case over which a magistrate has jurisdiction.