## Lenet et ux. v. Weinster et ux.

*Paul Yermish*, for plaintiffs.

*Paul Brandeis*, for defendants.

MacNeille, P. J., April 11, 1955.—The case comes before the court on a petition to dismiss the writ of certiorari. The certiorari was filed under the provisions of section 506 of the Landlord and Tenant Act of April 6, 1951, P. L. 69, as amended by the Act of July 25, 1953, P. L. 578, sec. 1, 68 PS 250.101 et seq. The petition to dismiss the writ of certiorari sets forth three reasons:

1. That defendants failed to file the certiorari within the five-day period provided for by the Act of 1951;

2. That defendants failed to file a bond for costs as required by this act;

3. That the magistrate's return on its face shows that there was a provision contained in the lease showing a waiver by defendants of all rights to file a writ of certiorari and/or an appeal to the courts of common pleas.

The first reason assigned, namely, that the certiorari was not filed within five days has, in our opinion, no merit. The Landlord and Tenant Act of 1951 represents a codification by the legislature of the Acts of 1772, 1863 and 1905 covering the same general subject. The legislature attempted in this consolidated act to combine the best provisions of all the earlier acts and set forth all the rights and reme-

720

dies in one complete code. Section 506 of the Act of
April 6, 1951, P. L. 69, as amended by the Act of
July 25, 1953, P. L. 578, sec. 1, 68 PS §§250, 506,
according to the commissioners' notes, has been derived
from the Act of March 21, 1772, sec. 12, 1 Sm. L. 370;
the Act of April 3, 1830, sec. 1, P. L. 187, 68 PS §391-2,
which was repealed by the Act of April 6, 1951, P. L.
69, sec. 601, and the Act of December 14, 1863, P. L.
(1864) 1125, sec. 1, 68 PS §364. The Act of 1772
did not provide in specific terms for the right of a
certiorari. It has, however, been repeatedly held that
the common-law writ of certiorari might issue under
that act. See Decoursey v. The Guarantee Trust and
Safe Deposit Company, 81 Pa. 217 (1876). The Act
of December 14, 1863, P. L. 1125, did specifically pro-
vide for the writ of certiorari. It authorized the courts
of common pleas to review the record of the action
before the magistrate. This right was continued in
the codification of the Landlord and Tenant Act of
1951.

The distinction between an appeal and a certiorari
has been preserved. Section 506 of the Act of 1951
sets up the time limitation of five days and the pro-
cedure in the case of an appeal. Following the passage
of the Act of 1951 and to supplement it, the Courts of
Common Pleas of Philadelphia have adopted Rule 28
which in more detail outlines the procedure to be
followed in the case of an appeal. But the matter now
before the court does not involve an appeal but rather
a certiorari. The limitations and procedure on appeal
are inapplicable.

On the question of the certiorari we are confronted
with a greater difficulty. The Act of 1951 in section
506 is silent as to the time limit for the filing of a
certiorari. This section as originally adopted in 1951
was also silent on the question of the necessity for

filing a bond to perfect the right of review by certiorari. The only reference in the Act of 1951 to a writ of certiorari is contained in the following language:

"A writ of certiorari to remove the proceeding before the justice of the peace may be had as in other cases and the court of common pleas shall review the same de novo."

We are therefore relegated to the prior existing law on the right of review of the action before a magistrate's court on certiorari. The controlling legislation is that of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951. Under this act the writ must be issued within 20 days after judgment was rendered. That was not done in the instant case. The objection on this point is therefore well founded. In passing we may note that the amendment of 1953 added the following paragraph to section 506 of the Act of 1951:

"Such writ of certiorari small not be a supersedeas to the writ of possession unless a bond with surety be filed containing the same conditions as required for filing an appeal as provided in this section."

The question of a bond would only arise when the writ of certiorari is to act as a supersedeas.

The remaining objection that the lease contained a waiver of the right to a certiorari and that that fact appears as part of the record on the magistrate's transcript is also well founded. It has been clearly established for a long time that, on a certiorari, only the record is brought up before the court for review. The court determines solely whether or not the record is sufficiently complete and correct on its face to sustain the judgment. No facts are heard on a certiorari, except in certain instances of fraud or where there is palpable abuse in the preparation of the records:

Wilmington Steamship Co. v. Haas et al., 151 Pa. 113 (1892) ; Gallagher v. MacLean, 193 Pa. 583 (1899). The provision contained in the lease whereby defendant waived the right to appeal or to have a review by a writ of certiorari is valid and has long been recognized by the cases: Orliner v. Borowski, 66 Pa. Superior Ct. 206 (1917).

We, therefore, decide that the petition to dismiss the certiorari must be sustained on the ground that the application for the writ of certiorari was filed later than the Act of 1810 permits and that the record shows on its face that there was a specific waiver by respondent of the right to file a writ of certiorari at any time.

### Order

And now, to wit, April 11, 1955, plaintiffs' rule to show cause why the writ of certiorari should not be dismissed is hereby made absolute and the writ of certiorari is quashed.