## Davis *versus* Davis.

| | |
|---|---|
| 115 | 261 |
| 209 | 93 |
| 24 SC | ¹394 |
| 26 SC | ¹649 |
| 115 | 261 |
| 28 SC | ¹158 |

1. In proceedings by a landlord against his tenant, before a magistrate, under the Act of December 14th, 1863, P. L. of 1864, 1127, to recover possession of the demised premises, every essential fact necessary to give the magistrate jurisdiction must appear affirmatively on the face of the record, or the proceedings are *coram non judice* and utterly void.

2. A demise, "At the yearly rent of the interest and taxes accruing thereon," is not "a certain rent," as required by the Act of March 6th, 1872, P. L., 22, necessary to give a magistrate jurisdiction, in a summary proceeding by a landlord against his tenant to recover possession of the demised premises, under the Act of December 14th, 1863.

January 21st, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN JJ. CLARK, J. absent.

ERROR to the Court of Common Pleas No 3 of *Philadelphia County*: Of January Term, 1887, No. 47.

This was a proceeding by Joseph Davis against Henry K. Davis before magistrate James F. Neall of the 20th District to recover possession of certain demised premises.

[Davis *v.* Davis.]

The magistrate gave judgment in favor of the plaintiff, whereupon the defendant took a writ of *certiorari* to said court. The following was the record *inter alia* as sent up.

On the 15th day of April, A. D. 1886, at 10 o'clock in the forenoon, at the said court, in the said city, plaintiff and defendant appear, defendant represented by Thos. E. Merchant, Esq. Joseph Davis, plaintiff, sworn in his own behalf. Hearing adjourned until 9.30 A. M. April 19th, 1886; then adjourned by request until April 22d, 1886, both parties present. April 22, 1886, plaintiff and defendant appear as before, Charles Thomson Jones, James A. Righter, and Joseph Davis, plaintiff, sworn for plaintiff. Defendant offers no testimony. The cause held under advisement April 28th, 1886. After hearing the proofs and allegations offered by the said Joseph Davis, our said magistrate finds that the said Henry K. Davis, on the first day of April, A. D. 1885, was quietly and peaceably possessed of a certain stone messuage or tenement with the appurtenances, situate on Ship lane, between Ridge Road and the river Schuylkill, in Roxborough, 21st Ward, and being as more particularly described in a certain exhibit marked "Exhibit A," and being so thereof possessed on the same day and year last aforesaid, did demise the said premises to the said Henry K. Davis, for the term of one year then next ensuing, at the yearly rent of the interest and taxes accruing thereon, and that the said Henry K. Davis, by virtue of the said demise entered into possession of the said demised premises, and held the same during the said term, and is still possessed of the same, and that the said term for which the said premises were demised is fully ended; and that the said Joseph Davis being desirous upon the said determination of the said term to have again and repossess the said premises, for that purpose did on the thirty-first day of December, A. D. 1885, demand of and require the said Joseph Davis to remove from and leave the same, and that the said Henry K. Davis has hitherto refused and still does refuse to comply with the said demand and requisition to remove from and leave the said premises.

And our said magistrate doth assess the sum of $40.00 for damage of the said Joseph Davis, occasioned by the unjust detention of the said premises. Our said magistrate did thereupon enter judgment against the said tenant that he forthwith give up possession of the said premises to the said lessor and that the said lessor shall and do recover and have of the said lessee or tenant as well the said sum of $40.00 for his damages aforesaid, as $6.50 for his reasonable costs by him expended in and about this suit in this behalf concerning which the premises aforesaid, our said magistrate doth make this his record.

To this record the following exceptions were filed.

[Davis v. Davis.]

· 1. The complaint in this case does not contain the legal requirements to authorize the magistrate to institute proceedings, in that it does not allege that there was a certain rent reserved.

2. The magistrate had no jurisdiction from the inception of the proceedings for the reason that there was not a certain rent reserved.

3. The plaintiff testified that the defendant was the owner of the property, and that he, the plaintiff, merely held the deed as security until repayment of money for which plaintiff is responsible.

4. The plaintiff himself testified that there was never any agreement of letting between defendant and himself.

5. The only other witness for the plaintiff testified that the defendant was not a tenant.

. 6. After the plaintiff had testified, the magistrate publicly announced that the plaintiff's own evidence showed ownership in the defendant, and that if the plaintiff had made the same statement to him before, he would not have issued the summons.

7. Alteration of the magistrate's record after the service upon him of the writ of *certiorari*, by the addition in the body of the record of the words, " for the term of one year then next ensuing, at the yearly rent of the interest and taxes accruing thereon."

The court below reversed the judgment of the magistrate, whereupon Joseph Davis took this writ assigning for error the said action of the court.

*Frederick A. Sobernheimer* for plaintiff in error.—It is submitted that the writ of *certiorari* did not bring up the evidence taken before the magistrate, and the court should only examine into the regularity of the proceedings as shown by the record produced with the writ of *certiorari*. Union Canal Co., *v.* Keiser, 7 Harris, 137; McMillan *v.* Graham, 4 Barr, 140; Buchanan *v.* Baxter, 17 P. F. Smith, 351: Bedford *v.* Kelly, 11 P. F. Smith, 495.

The exceptions filed in the court below, as before stated, only raise the question of the reservation of rent. Was there a rent reserved, and is it shown by the record?

The agreement was that the son was to pay as rent the interest on the mortgage debt against the premises in his occupation; and also the taxes against the same. Both of these are certain amounts. Each party knew what the debt was; that it was a mortgage debt of a certain amount and no doubt recorded, and each party knew what the taxes were. Both amounts were certain, fixed, and could easily be ascertained

and calculated. It is true that the record of the magistrate, returned with the writ of *certiorari*, discloses the fact that the magistrate in making up the record, did not say on what the interest was. But it is to be presumed that the magistrate heard evidence as to what the interest was upon, viz., on the mortgage debt on the premises in the occupation of the defendant; and also that he heard evidence as to the taxes against the premises, and also what amounts were due for said interest and taxes, and so was helped to make up the assessment of damages. At the most, if it is thought that the magistrate should have written in the record, "interest on the mortgage debt against the premises, and taxes against the premises accruing thereon; it is merely an ambiguity, and the reading of what precedes it and follows it shows very clearly what is intended. And for such a mere ambiguity it was error for the court below to reverse the judgment, as in all other respects the record is perfectly plain and clear. The defendant was not injured or misled by this ambiguity, if it is one, as it is very evident what was meant to be expressed.

See Snyder *v.* Carfrey, 4 P. F. S. 593; Bedford *v.* Kelly, 11 Ind., 494; Koountz *v.* Hammond, 12 Id., 178; McMillan *v.* Graham, 4 Barr, 140.

*Thomas E. Merchant* for defendant in error.—Even a tenancy, involving the relation of landlord and tenant, without (not merely a rent but) a certain rent reserved, is not sufficient to bring a case within the Act of 1863, as is seen by reference to the supplemental Act of March 6th, 1872. Brightly's Purdon's Digest, page 1019, pl. 23, which clearly and positively defines the cases which shall come within said Act: See McGee *v.* Fessler, 1 Barr, 126; Blashford *v.* Duncan, 2 S. & R. 480; Steele *v.* Thompson, 3 P. & W., 34; Graver *v.* Fehr, 89 Pa. St., 460.

Mr. Justice STERRETT delivered the opinion of the court, January 31st, 1887.

As was well said in Graver *v.* Fehr, 89 Pa., 460, the summary remedy given by the Landlord and Tenant Act of 1863 and its supplements, though convenient and necessary in proper cases, is in derogation of the common law, and hence "the necessary jurisdiction must appear affirmatively on the face of the record or the proceeding is *non coram judice* and utterly void." To the same effect is Givens *v.* Miller, 62 Pa., 133, in which it was previously held that jurisdiction under the Act being special, the record of the magistrate must contain every essential to support the judgment, and nothing that ought to appear there can be taken by intendment.

· · The supplement of 1872 declares: It shall not be lawful to commence or prosecute any proceeding to obtain possession of any lands or tenements under the provisions of the Act of December 14th, 1863, " unless such proceeding shall be founded upon a written lease or contract, or on a parol agreement, in and by which the relation of landlord and tenant is es-tablished between the parties, and a certain rent is therein reserved." This of course does not dispense with other juris-dictional prerequisites required by the original Act; and it also clearly indicates that the legislature in providing a rem-edy so summary that the person in possession may be ousted therefrom in a few days, intended to further limit the juris-diction of magistrates and restrict the remedy to plain cases of ordinary tenancy. It is essential, not only that the rela-tion of landlord and tenant shall be established by competent evidence of an express contract, but also that a rent, fixed and certain in its terms, was reserved in and by the contract.

Assuming, for the sake of argument, that the record of the magistrate in this case sufficiently sets forth the existence of a verbal agreement creating the relation of landlord and tenant between the parties, does it also show that as part of same agreement " a certain rent " was reserved ? After setting forth a lease for one year from April 1st, 1885, the record, as to the rent, reads thus : " at the yearly rent of the interest and taxes accruing thereon." The inquiry naturally arises, what interest, and how is it to be ascertained ? Is it interest on the value of the demised premises, or on the amount paid therefor by the landlord, or on the incumbrances that were then or might thereafter be charged on the property ; or, is it interest on debts owing by the landlord, or interest on something else ? While the contract relation of landlord and tenant is perhaps set forth with sufficient certainty, the *quantum* of rent reserved is conspicuously indefinite and uncertain. As to that, there is not the slightest approach to precision or cer-tainty ; nor is there anything on the record that would even assist a jury, if the question was before them, in endeavoring to ascertain the amount of rent reserved. Such certainty, or rather uncertainty, as this was never contemplated by the framers of the statute. Moreover, we are not without judicial construction of the words in question. The Act of 1772 con-tains a similar jurisdictional requisite. The language there employed, in connection with the demise etc. is, " paying certain rents." In McGee *v.* Fessler, 1 Pa., 126, and several other cases, it was held that the words mean what is ordinarily understood by the expression, and that the Act applies only to leases in which a certain rent is clearly and distinctly reserved, and not

to cases where the rent reserved is so uncertain as to require the intervention of a jury to render it certain.

In view of the fact that the special and summary jurisdiction given to justices of the peace and magistrates by the Act of 1863, and supplements, has been so sharply defined by the legislature and limited to a class of cases that are of easy solution, it would illy become us, even if we had the power to do so, to enlarge its scope so as to embrace cases which the average justice of the peace or city magistrate is incompetent to dispose of. As the law now stands, with all the safeguards that have been provided to prevent injustice and unnecessary oppression, it is to be feared they are too frequently practiced under color of enforcing the remedy given by the statute. It is certainly not demanding too much to require that magistrates invested with such summary and limited jurisdiction should clearly and distinctly set forth in the record of their proceedings everything that is required to give them undoubted jurisdiction.

The specification of error is not sustained.

Judgment of the court of Common Pleas affirmed.