# Denny, Appellant, *v.* Fronheiser.

*Equity—Jurisdiction—Actions at law—Act of March* 21, 1772—*Landlord and tenant—Summary proceeding.*

The jurisdiction of equity to restrain actions at law is well settled, and there is nothing in the act of March 21, 1772, to give summary proceedings under it an immunity from such restraint in a proper case; but the limitations of interference by equity are as well settled as the jurisdiction itself. The case must fall within some one or more of the recognized categories of fraud, accident or mistake, etc.

Allegations in a bill do not come up to the required standard which are in effect that "the defendants have selected justices of the peace friendly to themselves, and that the jury summoned is also friendly to the defendant, so that the complainant verily believes he cannot have a fair and impartial trial in said summary proceeding."

*Equity—Jurisdiction—Landlord and tenant—Breach of contract—Written notice—Act of March* 21, 1772.

Equity will not interfere to restrain summary proceedings under the landlord and tenant act of March 21, 1772, merely because the landlord had broken his promise to extend the lease, and the defendant relying on such promise had not given the written notice required by the lease.

*Landlord and tenant—Act of March* 21, 1772.

The act of March 21, 1772, carefully guards the rights of all parties, and there is no necessity for restricting its application to only the simplest cases.

Argued Oct. 12, 1903. Appeal, No. 150, Oct. T., 1903, by

plaintiff, from decree of C. P. Cambria Co., Dec. T., 1902, No. 4, dismissing bill in equity in case of J. B. Denny v. E. H. Fronheiser et al.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity to restrain proceedings under the act of March 21, 1772.

BELL, P. J., found the facts to be as follows :

E. H. Fronheiser and A. C. Kress, defendants, are the owners of the Merchants' Hotel in Johnstown, Pennsylvania. James E. Kress, another defendant, is their attorney in fact and transacted all the business with plaintiff in relation to renting said hotel.

By agreement, dated May 16, 1892, Charles H. Rush rented said hotel " for the term of five years from the first day of July, 1892," with an option of renewal for " an additional term of five years."   The rental Rush was to pay was $6,000 per year.   Rush duly elected to renew said lease for said further term of five years so that his lease expired on July 1, 1902. But during said further term and prior to December 29, 1899, Rush sold his interest in the lease to Charles B. Hamm.

On December 29, 1899, Hamm and James E. Kress, attorney in fact, executed an agreement whereby Hamm was given an option " to extend the term " of the lease, at the same rental, " for a further term of three years from the first day of July, 1902 . . . . by giving notice in writing to the party of the first part at least ninety (90) days before the first day of July, 1902."

In January, 1900, J. B. Denny, plaintiff, was negotiating to purchase the interest of Hamm.   Before said negotiations were finally consummated on January 22, 1900, James E. Kress, attorney in fact, at the instance and request of Denny, gave Hamm a further option of renewal for " a further term of five years from the first day of July, 1905," by giving at least ninety days' notice in writing, the rental, however, if such notice was given, to be " seven thousand dollars ($7,000) annually, instead of six thousand dollars."

On January 23, 1900, by agreement in writing, Denny purchased from Hamm the lease of and the personal property in, said Merchants' Hotel, for the consideration of $25,000.   Denny

assumed " so far as practicable the performance of all the covenants " of Rush and Hamm as contained in the herein-before recited agreements. Neither James E. Kress, attorney in fact or his principals, however, entered into any written contract with Denny, but Denny paid the rent to said attorney in fact and virtually became the acknowledged tenant of the premises.

Denny failed to give the ninety days' notice in writing of his election to renew the lease " for a further term of three years from the first day of July, 1902," as provided for in agreement of December 29, 1899.

On October 8, 1903, the owners of said Merchants' Hotel made complaint before James W. Reese, Esq., and John A. Jones, Esq., aldermen of the city of Johnstown and instituted proceedings to eject plaintiff, under the provisions of the act of March 21, 1772, Purdon's Digest, page 1163.

This bill in equity was brought to restrain such proceedings before said two aldermen. The bill averred "that the defendants have selected justices of peace friendly to themselves and the jury summoned is also friendly to the defendant, so that he verily believes he cannot have a fair and impartial trial in said summary proceedings." But at the hearing there was an entire absence of any evidence to support this averment; complainant made no offer or attempt to prove it.

The bill likewise averred " fraud and treachery " on the part of defendants, and a " conspiracy between the defendants, other than Hamm, to unlawfully and unjustly oust your orator from the property." But there was no evidence tending to establish such conspiracy. The evidence, which was received subject to the right of the court to control its legal effect, or strike it out, disclosed a conflict of testimony; J. B. Denny alleging one state of facts, James E. Kress contracting same.

But counsel for complainant contend, that, even if no conspiracy has been shown and no evidence offered in any wise impeaching the fairness and impartiality of the aldermen and jurors, under said act of March 21, 1772, still a court of equity has jurisdiction to settle the matters in controversy for three reasons :

1. It is alleged that the questions in dispute are complicated, not such as were contemplated to be tried under said act.

2. That said act is a one-sided one, passed in the interest of the landlord.

3. That a court of equity having once obtained jurisdiction for purposes of discovery will retain jurisdiction to settle all matters in controversy.

The court after a lengthy discussion of the above questions entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Johns McCleave*, with him *D. T. Watson, Donald E. Dufton, James B. O'Connor, James M. Walters, W. I. Woodlock* and *John M. Freeman*, for appellant.—A court of equity clearly has jurisdiction in this case upon the ground of fraud: Gump's App., 65 Pa. 476; Wesley Church v. Moore, 10 Pa. 273; Mortland v. Mortland, 151 Pa. 593; Warner v. McMullin, 131 Pa. 370; Harper's App., 109 Pa. 9; Johnston v. Price, 172 Pa. 427; Big Mountain Imp. Co.'s App., 54 Pa. 361.

The testimony in the case clearly proves that Kress in proceeding to oust the complainant from the demised premises had attempted to perpetrate upon him a gross fraud.

The landlord and tenant act of 1772 does not give the justices and freeholders jurisdiction to decide complicated questions of law and equity, such as are involved in this case. The remedy provided by this act was intended for plain and simple cases only, and not where the termination of the term depends upon a contingency: Newell v. Gibbs, 1 W. & S. 496; McGee v. Fessler, 1 Pa. 126; Davis v. Davis, 115 Pa. 261; Hohly v. German Reform Society, 2 Pa. 293; Ayres v. Novinger, 8 Pa. 412; Graver v. Fehr, 89 Pa. 460; Orr v. McCurdy, 34 Mo. App. 418; Hicks v. Martin, 25 Mo. App. 359.

*W. Horace Rose*, for appellees.—The court was without jurisdiction: DeCoursey v. Guaranty Trust & Safe Dep. Co., 81 Pa. 217; Krueger v. Rutledge, 2 Kulp, 371; Juergen v. Allegheny County, 204 Pa. 501.

OPINION BY MR. CHIEF JUSTICE MITCHELL, November 9, 1903:

The jurisdiction of equity to restrain actions at law is too

well established to require discussion, and there is nothing in the act of 1772 to give proceedings under it any immunity from such restraint in a proper case. But the limitations of interference by equity are as well settled as the jurisdiction itself. The case must fall within some one or more of the recognized categories of fraud, accident or mistake, etc.

The allegations of fraud in the present case scarcely come up to the required standard. It is charged in the amended bill that " the defendants have selected justices of the peace friendly to themselves and that the jury summoned is also friendly to the defendant, so that he (complainant) verily believes he cannot have a fair and impartial trial in said summary proceedings," but it is sufficient to say that the learned judge below finds that " at the hearing there was an entire absence of any evidence to support this averment; complainant made no offer or attempt to prove it."

The substantial ground on which relief is sought is stated in the amended bill as follows: " Twelfth, and your orator further shows unto your honor that it would be a gross fraud on the part of the said Kress, notwithstanding the notice given him, and the promises given by him aforesaid in reference to the said renewal lease, if he and the defendants, for whom he acted were now allowed to enforce his claim in a summary proceeding under the landlord and tenant law to regain possession, and because no written notice was given him or them to proceed to eject your orator from said property."

Examined in the light of the testimony this charge amounts to no more than a breach of contract, and circumstances which would raise an estoppel. The facts briefly stated, are that appellant is the assignee of a lease of hotel property for a term expiring in July, 1902, with an option to renew on giving notice. He did not give such notice, relying on a verbal agreement with the lessors through their attorney in fact, to renew, which dispensed with the necessity of formal notice.

This is the only really disputed issue in the case. Complainant asserts that Kress, the agent for the lessors, agreed to make the extended lease directly to him and waived any other notice of complainant's intention to exercise his option for that purpose; Kress on the contrary denies any such agreement, and stands on the written requirement of notice. This is the

whole controversy and while if complainant is right, the action of defendants is a breach of faith which in some sense may be called a fraud, yet it is only such fraud as all intentional breaches of contract, and not at all within the class which give jurisdiction in equity.

It is urged by appellant that the questions presented are complicated ones of law and fact and not such as were contemplated in the act of 1772. But the examination of the case as already set forth shows only a single disputed issue, and that one of recollection or veracity between witnesses, on which depends the termination or continuance of the lease in question. This as said in De Coursey v. Guarantee Trust &c. Co., 81 Pa. 217 (229) is " one of the questions which the act of 1772 by its express terms requires the jury of freeholders to determine."

It is argued that the act of 1772 should be given a restricted application to only the simplest cases, on the ground that it is a one-sided act and gives no adequate remedy to the lessee. This, however, even if true, would be a legislative, not a judicial consideration. But it is not correct in fact. The act was passed in the interests of justice to give against tenants who held over without even color of right after the expiration of their terms, a better remedy than the old cumbersome, dilatory and expensive one by action of ejectment. It guards the interests of lessees as carefully as the purpose of the act would permit. In fact as said in DeCoursey v. Trust Co., already cited, " in no form of summary proceedings known to the law is so much care exercised to guard the rights of the parties and secure a fair trial as under the act of 1772." The fact that it has stood unchanged on the statute books for a century and a quarter is ample evidence that it does not afford a cover for injustice or hardship.

The court below reached the proper conclusion, not because equity is without jurisdiction to interfere, but because no proper case was made out for it to do so.

Decree affirmed, with costs, but without prejudice to complainant's right to make defense in the action before the justices under the act of 1772.