## Bluestone, Appellant, *v.* DeRoy et al.

268

Argued October 8, 1929. Before Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Jacob A. Markel,* with him *M. L. Avner* and *J. C. Marcus,* for appellant.—Equity has jurisdiction to restrain a landlord from bringing summary proceedings to recover possession of demised premises under the Act of 1863, P. L. 1125: Denny v. Fronheiser, 207 Pa. 174;

Kaufmann v. Liggett, 209 Pa. 87; Steiner v. T. & T. Co., 274 Pa. 341; White v. Long, 289 Pa. 525.

A court cannot acquire jurisdiction over a subject-matter by consent of the parties if the law excludes such jurisdiction: City v. McAboy, 74 Pa. 249; Wright v. Millikin, 152 Pa. 507; Com. v. Barnett, 199 Pa. 161.

The Act of March 5, 1925, P. L. 23, was not designed to furnish a short cut. If equity has general jurisdiction over the subject-matter comprehended in the bill of complaint, inquiry into the facts must be made before the determination of its jurisdictional power under the particular facts: Lackawanna Co. v. James, 296 Pa. 225; Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Gray v. Coal & Iron Co., 286 Pa. 11; Sauber v. Nouska-jian, 286 Pa. 449.

*Louis Caplan,* of *Sachs & Caplan,* for appellees.—The jurisdiction of equity to restrain possessory proceedings is conditional and limited, and not absolute and general: Denny v. Fronheiser, 207 Pa. 174; Kaufmann v. Liggett, 209 Pa. 87; Brown's App., 66 Pa. 155; Pittsburgh & Allegheny Drove Yard Co.'s App., 123 Pa. 250.

The jurisdiction of equity may be challenged preliminarily here by petition under the Act of 1925: Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Lackawanna Co. v. James, 296 Pa. 225; Cochran v. Shetler, 286 Pa. 226.

The bill of complaint does not present a case for equitable jurisdiction.

The Act of 1863 applies to a case where a lease is terminated for breach of covenant: Steiner v. Trust & Title Co., 274 Pa. 341; Yoder v. Swainback, 82 Pa. Superior Ct. 568.

Equity cannot assume jurisdiction merely because a plaintiff claims to have a meritorious case: Brown's App., 66 Pa. 155.

Opinion by Mr. Justice Frazer, November 25, 1929:

Plaintiff, trading as the Bluestone Electric Company, leased from Hartrick, premises No. 617 Liberty Avenue, Pittsburgh, for a period of ten years from May 1, 1925, at a rental of $130,000, payable in monthly installments of $1,083.34. The printed form of this lease contained a provision forbidding assignment or subletting of the premises without lessor's consent, it however also contained a type-written memorandum to the effect that tenants had the privilege of subletting with the landlord's approval. The lease further provided that in the event of breach of any of its terms the landlord might cancel the contract and proceed to recover possession by an action before an alderman "under the act of assembly, to recover possession of said premises as at the expiration of the term." There was a further provision that "the question as to whether there has been such a breach or violation of said condition or covenant as to warrant forfeiture of said lease and render said lessee a tenant at will, shall be decided finally between the parties hereto by the magistrate before whom the said proceeding is brought and the right of appeal from said decision is hereby waived." In September, 1923, the agent for the owners proposed that plaintiff take possession of the premises as of January 1, 1924, and relieve an existing tenant of paying rent from that date to April 30, 1924; in consideration of such taking possession it was agreed that plaintiff could sublet to the Allied Electric Supply Company, a corporation which plaintiff controlled, and also that he could, from time to time, without consent of lessor, sublet the premises to such other of his corporations, "with which he would be associated and in which he would always be in majority control and manager thereof," as he desired to install on the premises. Plaintiff accordingly went into possession and made valuable improvements at a cost of approximately $24,000.

The premises remained in possession of the Allied Electric Supply Company for a year, after which time, on January 2, 1925, plaintiff sublet to the Bluestone Electric Company, a corporation of which he was prin-

cipal owner and manager. Later this company became financially involved and another corporation bearing the same name was duly incorporated in Pennsylvania to take over the business. This company was also owned and controlled by plaintiff. Defendant objected to the transaction and gave notice that he would declare the lease broken on account of the provisions against subletting, and summary proceedings were then instituted before a justice of the peace to recover possession. Plaintiff thereupon began the present proceedings in equity to restrain the landlord and justice of the peace from ousting him from possession, averring defendants were making fraudulent use of legal process to gain a summary possession of the premises and that intricate matters not properly determinable by an alderman were involved. The court below dismissed the bill on the ground that the subletting to the new Pennsylvania corporation was in violation of the terms of the lease and that a court of equity could not interfere with the magistrate's proceeding unless there be exceptional circumstances which were absent in this case. The court also held the parties had waived the right to have the proceedings before the magistrate reviewed by an appellate court as they had voluntarily agreed to accept the decision of the magistrate as final and such waiver was binding on them.

It is a well settled rule that jurisdiction over the subject-matter can not be given by consent. In 15 C. J. 802, the rule, supported by numerous authorities from various jurisdictions, is stated as follows: "It is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law, and accordingly it is well established as a general rule that where the court has not jurisdiction of the cause of action or subject-matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement or waiver." See also Lewisburg Bridge Co. v. Union Co., 232 Pa. 255, where it was said (page 262) : " 'Objec-

tions to the jurisdiction are of two classes between which there is a clear and well-defined distinction; first, those relating to the authority of the court over the subject-matter, and, secondly, those relating to its authority over the parties. Objections of the first class cannot be waived or jurisdiction obtained by acquiescence.' " The foregoing rule was also applied in Nevin v. Catanach, 264 Pa. 523, 528, and cases there cited. It thus appears that the stipulation in the lease that the judgment of the magistrate should be conclusive and no appeal taken therefrom is not a bar to these proceedings if the case is one that would ordinarily not fall within the jurisdiction of the magistrate.

It is not disputed that a court of equity has, in a proper case, jurisdiction to restrain summary proceedings for possession brought by a landlord before a justice's court. Jurisdiction of equity to restrain actions at law is too well established to require discussion, and there is nothing in the Act of 1872 to give proceedings under it immunity from such restraint in a proper case: Denny v. Fronheiser, 207 Pa. 174. The real dispute here is whether this is a proper case for the exercise of equitable jurisdiction, or whether jurisdiction was in the magistrate's court, and, consequently, subject to the agreement of the parties waiving the right to appeal. The scope of the magistrate's jurisdiction in summary proceedings under the Acts of 1772 and 1863, has been adjudicated in a number of cases. In Davis v. Davis, 115 Pa. 261, it was said (page 266) : "In view of the fact that the special and summary jurisdiction given to justices of the peace and magistrates by the Act of 1863, and supplements, has been so sharply defined by the legislature and limited to a class of cases that are of easy solution, it would illy become us, even if we had the power to do so, to enlarge its scope so as to embrace cases which the average justice of the peace or city magistrate is incompetent to dispose of."

This rule has been applied in a number of cases, one of the most recent being White v. Long, 289 Pa. 525, where it is said (page 530) : "It was early held, however, that the magistrate's right to adjudicate was limited by the Landlord and Tenant Acts to plain cases (Steel v. Thompson, 3 P. & W. 34), and the statutes were not intended to give exclusive jurisdiction to him in matters where elements of fraud or decisions of intricate questions of law were involved."

In the present case there is no allegation of fraud and the right to equitable relief must depend upon whether the case is one involving intricate questions of law such as would not be within the jurisdiction of the magistrate to decide.

Defendant relies on Denny v. Fronheiser, 207 Pa. 174, and DeCoursey v. Guarantee Trust Co., 81 Pa. 217, in support of the view that the present case does not involve complicated questions, but merely one of whether or not an oral agreement was made between plaintiff and the original lessor, giving the privilege of subletting the premises to the Pennsylvania corporation. In the former case the issue in dispute was as to whether there was an oral agreement made to extend the term of the lease, in reliance upon which defendant had not given the written notice required by the terms of the lease. The issue thus presented was mainly one of credibility of the witness, and it was held that this was not sufficient excuse for a court of equity to assume jurisdiction. In DeCoursey v. Guarantee Trust Co., supra, a landlord gave his tenant notice to quit, and afterwards conveyed part of the premises. The grantee at the end of the term proceeded under the Act of 1772 to recover possession and the question arose as to when the term of the lease had expired. It was held (page 229) that "This was a mere question of fact, simple in its nature, and entirely within the province of the jury to decide." On the other hand, the case of Kaufmann v. Liggett, 209 Pa. 87, was held to present a proper case for the inter-

ference of a court of equity on the ground that the Acts of 1772 and 1863 did not provide a proper tribunal for determining the questions involved. In that case a lease provided for an additional term with rental to be determined by arbitrators, and lessee gave notice of renewal, but the arbitrators disagreed and failed to fix a.rental. Lessor then proceeded under the Landlord and Tenant Acts to dispossess lessee. The question presented was one of construction of the renewal agreement in the lease which was necessary before it could be determined when the tenancy ended. The court said (page 93) : "Had no notice been given by the appellees, six months prior to that date, of their intention to exercise the right of renewal which was expressly granted to them by the original lease, then there would be but a simple question of fact for determination, entirely within the province of the justice and the jury to decide. But it is undisputed that the six months' notice was given and the rights of the parties now turn upon questions of law, rather than upon any disputed facts. We are clear that under the circumstances of the present case, neither the Act of 1772 nor that of 1863 supplies an adequate remedy, nor do they provide a proper tribunal for the determination of the questions involved. They cannot therefore be allowed to operate as a bar to the maintenance of this bill."

In Steiner v. Central Trust & Title Co., 274 Pa. 341, an injunction to restrain proceeding by landlord to recover possession of leased premises under the Act of 1863 was granted, it appearing that the question was whether or not the tenancy had ended because lessee had violated the liquor laws by the sale of liquor on the premises by one of its employees, the court saying that the jurisdiction of a justice under the acts (page 345) is confined to cases where "the lease contains a stipulation for its termination in the event of noncompliance with its provisions; and, we may add, this means, where, under the contract of letting, such noncompliance, when

proved, has the same effect as the actual expiration of the term,—then and only then, can the Act of 1863 apply on the theory of an expiration of the term."

In the present case it appears that plaintiff had been transacting business through the medium of several corporations in which he owned a controlling interest. The oral agreement was to the effect that plaintiff was authorized, from time to time, to sublet the premises to such of his corporations as he desired to install in the premises and this agreement was supplemental to the provisions already in the lease, whereby the tenant had a right to sublet with the approval of the landlord. In reliance on the agreement, the tenant went into possession and expended a large amount of money in improvements. The corporation to which the premises were subsequently leased was controlled by the tenant and was in fact organized for the very purpose of taking over the business and assets of its predecessor in occupancy. In the meantime the premises were sold and transferred to another owner, subject to the lease, thus raising a question as to the rights and liabilities of the grantee under the terms of the oral agreement, and involving a question of knowledge and notice, and further as to whether or not there was a waiver by the new landlord of the right to declare a forfeiture.

Under these circumstances we are of the opinion that complicated questions of law are involved such as will oust the jurisdiction of the magistrate and that the case is one where an injunction was properly issued to restrain further proceedings until the questions can be determined in a proper tribunal.

The decree of the court below dismissing the bill is reversed and the bill is reinstated. Costs to be paid by appellee.