## Madden v. Silverman et al.

*D. R. Griffith*, for complainant.
*Jacob Weinstein*, for respondents.

SLOANE, J., October 14, 1946.—

### I. *Statement*

Plaintiff, Caroline Madden, brings this bill in equity as lessee of a rooming house at 2223 North Fifteenth

Street, Philadelphia, against Samuel Silverman, owner-lessor of the property, and others—a magistrate, constables, real estate agents—seeking to restrain them from evicting her from the property by virtue of a judgment of possession obtained by Silverman against her before the magistrate, or from removing her furniture or attempting to collect the rents from the tenants. She avers that the judgment was improperly obtained.

Plaintiff states that she is in possession of the property under a yearly lease commencing May 1, 1941 (dated March 26, 1941), from Abram Stark, then owner, as lessor, at the monthly rental of $55 per month; that this lease required 60 days' notice of termination at the end of the term, otherwise continuing for another year, and so on from year to year, and that due notice of termination under this lease was never given to her. She avers that the property was sold by Stark to Silverman on October 5, 1945, and the lease transferred to Silverman, to whom plaintiff attorned and thereafter paid the rent.

Plaintiff further avers that one Diamond, a real estate agent, gave her a written notice on May 3, 1946, purporting to give her notice to quit on May 13, 1946. On May 17, 1946, a summons was issued by Magistrate Levin erroneously stating that Silverman was in possession on November 7, 1940, and then leased by monthly lease to plaintiff at the monthly rental of $45, that he gave her notice on February 19, 1946, to remove at the expiration of 30 days, and summoned her to appear on May 24, 1946, to show cause why possession of the premises should not be restored to Silverman. She avers that though the foregoing facts were made known to the magistrate he entered judgment against her on May 31, 1946, and that subsequently writs of possession were issued against her.

The present action is to restrain all process founded upon the "illegal, erroneous and improvidently entered judgment for possession".

A preliminary injunction against defendants was issued on August 19, 1946, by Oliver, P. J., to continue for five days. At the expiration of the five days a hearing on the application to continue the injunction was held, which by agreement became the final hearing on the merits. No answers had been filed by defendants (the time for answering had not yet expired); plaintiff therefore assumed the burden of proving the averments made by her.

## II. *Findings of fact*

1. Proceedings for possession of premises 2223 North Fifteenth Street, Philadelphia, were commenced before Magistrate George Levin (court no. 7) on May 17, 1946, by Samuel Silverman, lessor (here a defendant) against Caroline Madden, lessee (here plaintiff).

2. Service of the summons was duly made on May 18, 1946, and a hearing held on May 24, 1946, continued to May 31, 1946.

3. Judgment in favor of Silverman, plaintiff in that proceeding, was given against Caroline Madden by Magistrate Levin on May 31, 1946, ordering restitution of possession of the above premises.

4. On June 10, 1946, Caroline Madden took an appeal from the judgment of the magistrate, which appeal was filed in the Municipal Court on June 22, 1946, as of June term, 1946, no. 427.

5. On July 15, 1946, the appeal to the Municipal Court was marked "stricken from the record" upon order of plaintiff's attorney, for failure to file proof of record of notice of the appeal.

## III. *Discussion*

Plaintiff seeks to restrain enforcement of a judgment for possession of certain premises, given against her by a magistrate, alleging that the judgment was improperly entered. She says it was obtained under an

expired lease. The theory of plaintiff's case is that the proceeding for possession before the magistrate was brought against her under the "wrong lease"; that she was sued and judgment given under a 1940 monthly lease no longer in effect. She claims she is in possession under a yearly lease, from May 1, 1941, and that under this presently valid lease, 60 days' notice of termination has to be given at the end of the term, otherwise she holds over for another year; that proper notice of termination was never given under this lease.

The evidence adduced at the hearing gave factual support to plaintiff's version of the leases, but it does not enable this court to help her without usurping jurisdiction which is not ours. That defendant Silverman (apparently as straw man for his father-in-law Bernstein, another of the defendants) acquired title to the premises from one Stark on October 5, 1945, is admitted, and the proof shows that the correct lease under which plaintiff was in possession was the 1941 yearly lease from Stark rather than an older monthly lease dated in 1940.

But the defense that she was sued under the wrong lease was one that could be made in the proceeding before the magistrate. In fact plaintiff did make such defense, for in the bill she says, "notwithstanding the foregoing facts having been fully made known personally unto the said George Levin, Esq., said Magistrate . . . entered judgment against the said Caroline Madden". What it comes to: plaintiff does not contend that the magistrate lacked jurisdiction, but that he decided the matter wrongly. Plaintiff cites authority to the effect that the jurisdiction of the magistrate may be ousted by bill in equity. Speaking of the landlord and tenant acts, it is clear enough that the jurisdiction of a magistrate is sharply defined by those acts, and equity, in a proper case, has the right to interfere: Davis v. Davis, 115 Pa. 261, 266 (1887). The magis-

trate is beyond his depth of jurisdiction under these acts except in plain cases, "and the statutes were not intended to give exclusive jurisdiction to him where elements of fraud or decisions of intricate questions of law were involved": White et al. v. Long et al., 289 Pa. 525, 530 (1927) ; Bluestone v. DeRoy et al., 298 Pa. 267 (1929). In Davis v. Davis, supra, it is said that the special and summary jurisdiction given by the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, 68 PS §364, is "limited to a class of cases that are of easy solution". See Denny v. Fronheiser, 207 Pa. 174 (1903), Kaufman v. Liggett, 209 Pa. 87 (1904), and Steiner v. Central T. & T. Co., 274 Pa. 341 (1922).

In the present case no question of fraud or complicated question of law was presented; it was a simple issue of fact. Thinking herself aggrieved by the magistrate's ruling, plaintiff had a right of appeal to the Municipal Court where a trial de novo might be held: Act of May 18, 1933, P. L. 809, sec. 1, 17 PS §702; see Bauman v. Bittner, 152 Pa. Superior Ct. 628 (1943). Indeed she recognized this to be the proper procedure by filing such appeal. Neither party offered the municipal court record in evidence, but it was stipulated that such appeal was taken as of June term, 1946, no. 427, and that subsequently this appeal was stricken off. Thought it was not offered, an examination of the municipal court record discloses that a proceeding for possession was brought before Magistrate Levin, based on a monthly lease dated November 7, 1940; that the averment was that notice thereunder was given on February 19, 1946, to vacate the premises on or before April 30, 1946, and that judgment for plaintiff in that action was given by the magistrate. Plaintiff took the appeal to the Municipal Court on June 10, 1946, filed it in that court on June 22, 1946, and, on July 15, 1946, the appeal was stricken from the record on

counsel's order because due notice of its filing had not been given to plaintiff (in that action) under Municipal Court Rule 9.*

The prior cognizance of the subject matter of a case by a competent tribunal, fixes the jurisdiction in which it is to proceed until its final determination, subject of course to appellate review. Here it was the magistrate's court in the first instance, and subsequently, by plaintiff's choice, the Municipal Court. A court of coördinate authority, whether of superior rank or not, cannot thereafter assume jurisdiction or restrain proceedings in the appropriate jurisdiction. The principles and cases are set forth in 1 Standard Pa. Practice 50.

Essentially, plaintiff here had a complete and adequate remedy at law by defending in the proceeding itself, including the right of appeal given her by law, and no reason appears why this court should interfere in that process. See Vanarsdalen v. Whitaker, 10 Phila. 153 (1874), and Fetherman v. Dietz, 3 D. & C. 327 (1923). That plaintiff has lost or imperiled her rights in the jurisdictional orbit in which her case was commenced and in which it should run its course, cannot justify our intervention. She is trying to take an appeal to this court because she is dissatisfied with the outcome in the others, but we are not the appellate court for that purpose. Being put to the worse in the other courts can give her no better standing in this court, under the circumstances. Plaintiff chose her appellate jurisdiction when she went to the municipal court.

We need not consider whether an application by plaintiff for reinstatement of her appeal in the Municipal Court would be entertained (Cf. Kelchner's Es-

---

* Plaintiff's counsel was in error in stating the appeal was stricken because the right to take an appeal had been waived in the lease.

tate, 326 Pa. 472, 474 (1937) ; McFadden v. Pennzoil Co., 326 Pa. 277 (1937)) or whether plaintiff has exhausted her available means in the other proceeding. And likewise we do not touch defendants' contention that the magistrate's judgment stands unreversed, and therefore is an adjudicated matter. As a last word, there is no question involving the Office of Price Administration, since the premises are not occupied by plaintiff, it being a rooming house and the various tenants not being involved.

The conclusion must be that we are without jurisdiction to interfere in this controversy of the parties for possession of the premises, whether that controversy be a finished matter or not, and that the bill in equity must therefore be dismissed.

## IV. *Conclusions of law*

1. The proceedings for possession of premises 2223 North Fifteenth Street, Philadelphia, commenced by defendant Silverman against plaintiff herein, before Magistrate Levin, were within the jurisdiction of the magistrate.

2. The judgment for plaintiff in that action was regularly entered, and an appeal to the Municipal Court properly taken by defendant in that action.

3. Striking off the appeal, upon order of counsel for Silverman, for failure to give proper notice of the appeal, was entered under the rules of the Municipal Court, and is not subject to review by us.

4. This court is without jurisdiction to take any action, by injunction or otherwise, respecting the said judgment or any process founded upon it.

5. The bill in equity should be dismissed.

## V. *Decree nisi*

And now, October 14, 1946, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. The bill in equity is hereby dismissed, as to all defendants.

2. Each party shall pay his or her costs.

The prothonotary is directed to enter this decree nisi and to notify the parties or their counsel of record. If no exceptions are filed within 10 days thereafter, the decree nisi shall become the final decree, as of course.