## Highway Paving Company, Appellant, *v.* Board of Arbitration of Claims.

Argued May 1, 1962. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James J. Regan, Jr.*, with him *Harry G. Banzhoff, Jr.*, for appellant.

*Alan Miles Ruben*, Deputy Attorney General, with him *David Stahl*, Attorney General, for Board of Arbitration of Claims, appellee.

OPINION BY MR. JUSTICE COHEN, May 21, 1962:

This is an appeal by Highway Paving Company (Highway) from the entry of a judgment in favor of the defendant-appellee, Board of Arbitration of Claims (Board) following the dismissal of appellant's complaint in mandamus by the court below for failure to state a claim upon which relief can be granted.

Adam Eidemiller, Inc., a Pennsylvania corporation, having a contract with the Pennsylvania Department of Highways and the State Highway and Bridge Authority, brought a claim for additional compensation against these agencies before the Board of Arbitration of Claims. The claim was captioned "Adam Eidemiller, Inc. to use of Highway Paving Company" and recited therein that the defendant agencies were liable to Adam Eidemiller, Inc. "on its own behalf and in trust for the use of the Highway Paving Company." Appellant, a subcontractor, had actually performed the work which was the subject of the contract.

The Board determined that under the Act of 1937, May 20, P. L. 728, No. 193, as amended, 72 PS §§4651-1 to 10, it had no jurisdiction over a claim of a use-plaintiff, since the use-plaintiff was not a party to a contract with the Commonwealth as required by section 4 of the Act of 1937, 72 PS §4651-4. Accordingly, it dismissed the claim.

Thereupon, appellant filed its complaint in mandamus against appellee, seeking thereby to compel the Board to rescind its order and hear the merits of the claim originally instituted by Adam Eidemiller, Inc. The court below held that: (1) the Commonwealth had not authorized the filing of a subcontractor's claim with the Board, and (2) the complaint presented no cause of action because appellee had an adequate remedy of law by an action of assumpsit upon the contractor's bond. The court, therefore, dismissed the complaint and entered judgment for appellee.

In section 8 of the Act of 1937, 72 PS §4651-8, as then applicable,[1] it is provided: "The action of the board dismissing said claim or making an award shall be final and no appeal shall lie therefrom." Accordingly, if the appellant desired to question the determination of the Board in dismissing the claim, the proper, indeed exclusive, remedy would have been to have had Eidemiller appeal to this court on narrow certiorari. This is in accordance with our recent holding in *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A. 2d 80 (1960) wherein we stated that "where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the

---

[1] This section was amended in 1961 to permit full appellate review. Act of 1961, September 29, P. L. 1738, No. 705, 72 PS §4651-8.

facts or the law by the governmental agency or the court below may have been erroneous." See also *Land Holding Corporation v. Board of Finance & Review,* 388 Pa. 61, 130 A. 2d 700 (1957) and *Kaufman Construction Company v. Holcomb,* 357 Pa. 514, 55 A. 2d 534 (1947).

Appellant's attempt to resort to mandamus is merely a veiled substitute for an appeal and is, therefore, improper. Such a writ may be used only to compel the performance of a purely ministerial or regulatory duty. In the words of former Justice (later Chief Justice) HORACE STERN, "It is elementary that [mandamus] cannot be used to control the exercise of discretion or judgment on the part of a public official or an administrative or judicial tribunal; nor to review or compel the undoing of action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though, in fact, the decision rendered may have been wrong; nor to influence or coerce a particular determination of the issue involved; nor to perform the function of an appeal or writ of error even though no appeal or writ of error be permitted by law." *Kaufman Construction Company v. Holcomb,* supra (357 Pa. at 520).

Judgment affirmed.