Adam Eidemiller, Inc. v. State Highway and Bridge Authority, Appellant.

Argued May 24, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Edward A. Collins, Jr.,* Assistant General Counsel, with him *Alvin Freiberg* and *M. A. Madar,* for State Highway and Bridge Authority, appellant.

*William H. Wood,* with him *B. Patrick Costello,* and *Hull, Leiby and Metzger,* and *Smith, Best and Horn,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 28, 1962:

This case arises by way of an appeal by The State Highway and Bridge Authority of the Commonwealth of Pennsylvania (Authority) from an award made by the Commonwealth's Board of Arbitration of Claims (Board) in favor of appellee, Adam Eidemiller, Inc., a Pennsylvania corporation engaged in the highway paving and construction business.

The claim in which this award was made arose under a contract for certain highway construction work entered into between appellee and The Department of Highways of the Commonwealth of Pennsylvania (Department) and appellant Authority.

The work was duly completed by appellee and accepted by Department and appellant.

The contract provides for the Department and Authority to be ". . . each obligated for only fifty percent (50%) of this contract and each and every payment which may become due, as herein specified and agreed shall be paid one-half by each." The contract provides for the arbitration of disputes involving amounts in excess of $300 as follows: ". . .

All questions or disputes, where the aggregate amount of such claims exceeds three hundred dollars ($300.00), respecting any matter pertaining to this contract . . . shall be referred to the Board of Arbitration created by Act No. 193, approved May 20, 1937, [P.L. 728] as amended, [72 PS §§4651-1 to 10] in the manner and under the terms and conditions as provided therein."

After the project was completed, appellee filed a claim with Board alleging that it had been required to perform work in excess of that provided for under the contract. Department and Authority filed joint preliminary objections including a "Petition Raising a Question of the Board's Jurisdiction" on the ground that appellee's claim "did not arise from any contract." After Board dismissed the preliminary objections and an appeal from the order taken by Department and appellant was quashed by our court, the case was tried before Board, both Department and Authority participating.

At the conclusion of the argument, Board handed down an award in the amount of $146,725.65 in favor of appellee against Department and Authority.

Department did not make any objection to the award, but Authority filed an appeal with our court raising the issue as to whether or not Authority, "a body politic and corporate" created under the Act of 1949, April 18, P.L. 604, 36 PS §§3601 to 3619, is subject to the jurisdiction of the Board since the Act of 1937 creating that Board refers only to the arbitration of claims against the "Commonwealth" arising from contracts entered into "by" or "with" the "Commonwealth." (72 PS §§4651-1, 4651-4).

Initially, it should be noted that appellant may challenge the jurisdiction of Board notwithstanding its failure to do so during the proceedings below. As we recently noted in a companion case arising out of the same contractual situation, *Highway Paving Com-*

*pany v. Board of Arbitration of Claims*, 407 Pa. 528, 530, 180 A. 2d 896 (1962), " 'where a statute [72 PS §4651-8]' expressly provides that there shall be no appeal, the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings. . . .' " Accordingly, a party may always raise either of these two issues on appeal. This is in conformance with the time-honored proposition that it is never too late to question a court's jurisdiction of the subject matter. *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959) ; *Fowler v. Eddy*, 110 Pa. 117, 1 Atl. 789 (1885).

Appellant contends that the present case is analogous to an action taken by this court in a matter incident to *Foley Bros., Inc. v. Commonwealth*, 400 Pa. 584, 163 A. 2d 80 (1960). We granted a Writ of Prohibition against Board in *City of Philadelphia, Petitioner, v. Board of Arbitration of Claims of the Commonwealth of Pennsylvania* (Supreme Court, Miscellaneous Docket No. 11, No. 77 (1957)) prohibiting Board from arbitrating a dispute between a contractor and the City of Philadelphia arising out of the construction of a bridge jointly by the city and Department. Authority contends that the issuance of the Writ of Prohibition in the action involving the City of Philadelphia established the lack of jurisdiction of Board in the instant case. This assertion is erroneous in two regards: (1) City entered into a separate contract with the contractor, while here Authority joined with the Commonwealth in the contract in issue; (2) more basically, however, there is no question but that the City of Philadelphia is *not* the Commonwealth of Pennsylvania, or an instrumentality or agency thereof; the two are completely separate and distinct without any semblance of unity of identity. Accordingly, Board's lack of jurisdiction over the City of Philadelphia in the prior case is no precedent for the instant matter.

Rather, two recent opinions of our court are compelling in establishing the close identity of Authority with the Commonwealth. In *Anderson Appeal,* 408 Pa. 179, 182 A. 2d 514 (1962), we determined that the Delaware River Port Authority bore such close identity to the Commonwealth that it was immune from liability for consequential damages resulting from the construction of a bridge facility. Earlier this year, in *Rader v. Pennsylvania Turnpike Commission,* 407 Pa. 609, 182 A. 2d 199 (1962), we held that the Turnpike Commission was not subject to tort liability resulting from the negligence of its agents and employees. In both cases, the decisional point was relationship of these agencies to the Commonwealth. In each, we determined that in performing the functions at issue in the litigation, these agencies were in essence the "alter ego" of the Commonwealth. The same principle is equally applicable here.

As stated in appellee's brief, "As a practical matter the Commonwealth and the Authority are one and the same insofar as highway construction work under joint contracts is involved. The Authority is nothing more than a vehicle to facilitate financing of State highway projects." This is clearly borne out by an examination of the Act of 1949 which indicates, inter alia that: (1) The Secretary of Highways serves as a member of this "body corporate and politic constituting a public corporation and governmental instrumentality." (36 PS §3603); (2) among the powers granted Authority are the ability to (a) lease property and projects to or from the Department of Highways and the Commonwealth, "at a nominal rental or at such annual rental as may be determined"; (b) "to sell, transfer or convey to the Commonwealth . . . any project." (36 PS §3604); (3) Authority and Department of Highways are authorized to enter into agreements for mutual cooperation between them in use of employees,

equipment and services incidental to the construction, maintenance and operation of projects. (36 PS §3605); (4) the Department of Revenue is empowered to make periodic audits of the books of Authority; (36 PS §3609); (5) the Department of Highways can "grant, assign and convey to the Authority, with or without consideration" any lands or interests in lands, together with the improvements thereon, owned by the Commonwealth. (36 PS §3610); (6) the Department is empowered to utilize its powers of eminent domain to acquire lands for Authority (36 PS §3612) and lastly, the property of Authority and the bonds issued by it are tax exempt (36 PS §3617). The provision granting this exemption is revealing. In pertinent part, it reads: *"The effectuation of the authorized purposes of the Authority created under this act shall and will be in all respects for the benefit of the people of the Commonwealth,* for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, and since the *Authority will be performing essential governmental functions in effectuating such purposes,* the Authority shall not be required to pay any taxes upon any property acquired or used by it for such purposes, and the bonds issued by Authority . . . shall at all times be free from taxation. . . ." (Emphasis supplied) (36 PS §3617).

The conclusion is inescapable that in performing its delegated functions in accordance with the Act of 1949, Authority stands in the place of and acts in the name of and for the Commonwealth. It is not only a creature of the Commonwealth but acts as its arm and agent in carrying out its duties. Accordingly, it is entitled to avail itself of privileges granted the Commonwealth and is subject to the same responsibilities. In establishing Authority with its intimate interrelationship with Department, the legislature clearly intended that it was to come within the meaning of the

"Commonwealth" as used in the Act of 1937 (72 PS §§4651-1, 4651-4) and to be subject to the jurisdiction of Board.

Having so decided, it is unnecessary for us to discuss in detail appellee's contention that even were Authority not subject to Board's jurisdiction, it would be obligated under established principles of contract law and common law arbitration to honor the award made by Board. We feel constrained to note, however, that such a position is invalid. The jurisdiction of Board is clearly restricted to claims arising out of contracts involving the Commonwealth or its instrumentalities. Parties cannot by consent or by failure to object confer jurisdiction over the subject matter of a dispute to Board absent the necessary statutory authorization. As we stated in *Bluestone v. DeRoy*, 298 Pa. 267, 148 Atl. 110 (1929), " '[i]t is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law, and accordingly it is well established as a general rule that where the court has not jurisdiction of the cause of action or subject-matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement or waiver.' " (298 Pa. at 271).

If, therefore, under the Act of 1937 Board did not have jurisdiction over a claim involving Authority, such jurisdiction could not attach by a voluntary submission of the dispute to it by the parties. Appellee's contention in this regard is erroneous.

Award affirmed.

Mr. Chief Justice BELL concurs in the result.