## Gann-Dawson, Inc. v. Commonwealth

*Francis B. Haas, Jr., McNees, Wallace & Nurick,* for appellant.

*Edward Friedman,* Acting Atty. General, and *Thomas W. Corbett* and *Frederic G. Antoun,* Deputy Attys. General, for Commonwealth.

BOWMAN, J., October 31, 1966.—Does the Board of Arbitration of Claims [1] of the Commonwealth have jurisdiction to entertain and make an award on a claim arising out of a contract to which the Commonwealth is a party where the Department of Revenue, which entered into the contract on behalf of the Commonwealth, admits the Commonwealth's liability, but the Auditor General, not a party to the contract nor a named party in the proceedings before the board, refuses to authorize payment for some unspecified reason?

Apparently being doubtful of the correct answer to this question, the board adopted a hybrid position by making findings of fact and conclusions of law establishing the validity of the claim—including an observation that no valid reason appeared for the Auditor General's action—but then refusing to make an award and dismissing the proceedings for want of jurisdiction.

From this inconsistent action of the board, Gann-

---

[1] Created by the Act of May 20, 1937, P. L. 728, as amended, 72 PS §4651-1.

Dawson, Inc., appellant, has appealed to this court excepting to the board's action in dismissing the proceedings before it and seeking an order declaring the Commonwealth to be liable for its claim or, alternately, remanding the case to the board directing it to entertain jurisdiction and make an award on the merits.

The facts as admitted in the pleadings before the board—and as found by the board to exist notwithstanding its jurisdictional conclusion—are quite simple.

Acting on behalf of the Commonwealth, the Department of Revenue, in June 1965, requested appellant to perform services in connection with the department's escheat advertising program to be conducted over a period of time ending June 30, 1966. A written contract embodying the understanding was executed by appellant and forwarded to the department for its execution. Due to inadvertence, the department did not sign the contract until October 1965. In the meantime, at the department's request, appellant undertook to perform services under the contract in July 1965, invoiced the department for such services at the end of July 1965 in an amount of $22,328.03,[2] and the department approved said invoices and submitted them to the Department of the Auditor General to process the same for payment. This latter department refused to do so, but its reason for so acting is not disclosed by the record of the proceedings before the board.

Thereafter, appellant initiated proceedings before the board in which the named defendant is the Commonwealth of Pennsylvania, Department of Revenue. In concluding that it lacked jurisdiction, the board was of the opinion that there was "no amount in controversy", inasmuch as the Department of Revenue had

---

[2] The vast portion of this amount represents out-of-pocket expenses paid by appellant as advertising costs incurred by it in causing escheat notices to be published in sundry newspapers.

admitted the validity of and had approved for payment appellant's invoices which constituted its claim before the board. In its adjudication, the board also observed that the legislature did not intend the board to be an arbiter of disputes between two agencies (departments) of the government and suggests that appellant's appropriate remedy is by way of mandamus against the Auditor General.

Section 1 of the statute creating the board provides that the board "shall arbitrate *claims against the Commonwealth* arising from contracts entered into by the Commonwealth". (Italics supplied.) In section 4, it is stated that the board "shall have jurisdiction to hear and determine all claims against the Commonwealth, arising from contracts . . . entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more".

While it is true that parties cannot by consent or by failure to object confer jurisdiction upon the board, absent the necessary statutory authorization: Adam Eidemiller, Inc. v. State Highway and Bridge Authority, 408 Pa. 195 (1962), it is equally true that the board cannot deny its jurisdiction when such jurisdiction exists over the subject matter presented to it for determination. In concluding that it lacked jurisdiction in this case, we are of the opinion that the board construed its jurisdiction too narrowly and that the vice of its reasoning in reaching this conclusion was in divorcing the Commonwealth from its constituent departments.

So long as appellant remains unpaid by *the Commonwealth* upon a claim arising out of a contract to which the Commonwealth is a party, we believe the plain meaning of the statute confers jurisdiction upon the board over the subject matter of the controversy. It was not the Department of Revenue that entered into the contract with appellant, but rather the Common-

wealth of Pennsylvania acting through that department. That the Department of Revenue approved appellant's claim and performed its responsibilities towards ultimate payment is of little moment to appellant, who remains unpaid and who must look to the sovereign State, not a particular department, for payment. And the limited channels through which one having a claim against the State must guide his course or founder upon the shoals of sovereign immunity from suit suggest that the legislature, in impairing this immunity, intended broad jurisdiction in the board over claims against the Commonwealth founded in contracts to which the State itself is a party.

We recognize, of course, that the vast majority of claims presented to and entertained by the board involve disputes between the agency of the Commonwealth which executed a contract on its behalf and the other party to the contract. This fact alone, however, is no reason to restrict the otherwise plain meaning of the legislature affording jurisdiction to the board to hear *all claims* against the Commonwealth. Whether the merits of the claim will involve one or more departments or agencies of the State in its ultimate determination is not relevant to determining the matter of jurisdiction over the subject matter. Nor does the fact that the legislature saw fit to establish a minimum jurisdictional amount of $300 as the "amount in controversy" before the board's jurisdiction attaches require a conclusion that this requirement has not been met because the Department of Revenue approved appellant's claim for payment and, hence, there is no amount in controversy. This is but another argument based upon the proposition that, in some manner, the department which acted on behalf of the Commonwealth is separate and apart from the State itself—a proposition which is legally unsupportable.

In the Adam Eidemiller decision, supra, our Su-

preme Court concluded that the State Highway and Bridge Authority, as an agency of the Commonwealth performing essential governmental functions, is within the meaning of "the Commonwealth" as used in the statute here in question, and, therefore, subject to the jurisdiction of the board on claims arising out of contracts to which it is a party. This decision and others [3] have afforded broad rather than restrictive meaning to the jurisdictional provisions of this act and other statutes establishing quasi-judicial bodies and procedures to promptly and effectively resolve claims of persons who contract with the State or one of its agencies and out of which a dispute arises. Our decision here is consistent with these decisions and the plain words of the statute.

Since the record before us on appeal does not disclose the reasons advanced by the Auditor General's Department for its apparent refusal to process appellant's claim, nor that it was afforded an opportunity to appear and be heard and be subjected to examination by appellant, we deem it necessary to remand these proceedings to the board.

For the foregoing reasons, we make the following

## ORDER

And now, October 31, 1966, the Board of Arbitration of Claims is hereby ordered and directed to assume jursidiction over appellant's claim against the Commonwealth and to proceed to hearing and determine same on its merits, including any defense the Department of the Auditor General might have in support of its apparent refusal to process appellant's claim for payment.

If it is deemed necessary by the board that the De-

---

[3] See J. L. Turner Company v. The General State Authority, 41 D. & C. 2d 118, Commonwealth docket, 1965, 503, C. P. Dauphin County, opinion dated September 6, 1966, and cases therein cited.

partment of the Auditor General be named a formal party defendant in these proceedings to make same consistent with proper procedures in matters before the board, the board is hereby directed to promptly so act on its motion to avoid further delay of a decision on the substantive merits of appellant's claim, already too long delayed for technical reasons.